HARPOLE, APPELLEE, *v.* HARPOLE, APPELLANT.

(No. 1432 — Decided January 8, 1986.)

*Stephen B. McIlvaine,* for appellee.

*Page C. Schrock III,* for appellant.

MAHONEY, J. Appellant, Orville R. Harpole, Jr., challenges the judgment of the Medina County Court of Common Pleas ordering him to pay Candace (Harpole) Durkin the accommodation, travel, and legal expenses she incurred in defending appellant's motion to modify child support payments. We affirm.

### Facts

Orville Harpole and Candace (Harpole) Durkin were divorced on January 25, 1982. Each took custody of one child. Orville agreed to pay child support in the amount of $200 per month. This amount increased to $240 per month in January 1984.

Following the divorce, Orville moved to San Francisco, California. Candace moved to Atlanta, Georgia. Orville petitioned the court on January 9, 1984 to modify his child support obligation. On July 10, 1984, Candace moved the court to find Orville in contempt for failing to pay child support for April, May, June and July 1984. She also requested the court to award her reasonable attorney fees, travel expenses and court costs.

On November 14, 1984, a referee held a hearing on the parties' motions. As Orville did not attend the hearing, the referee dismissed his motion without prejudice. The hearing proceeded on Candace's motions. Candace testified that Orville had not paid child support from April 1984 to the present. She further testified that in defending Orville's motion to modify child support, she incurred living, travel and legal expenses in the amount of $1,370.45. The referee then recommended that Orville pay the child support arrearages as well as Candace's travel, accommodation, and legal expenses.

On December 7, 1984, Orville filed objections to the referee's report. A hearing was held on January 14, 1985. The court affirmed the referee's recommendations except as to one half the travel and accommodation expenses. It deducted the one half attributable to Candace's present husband, finding his presence unnecessary to the proceeding.

### Assignment of Error I

"Whether the Medina County Court of Common Pleas erred in awarding expenses and attorney fees to appellee in the absence of a showing that an award of such expenses and fees was necessary to enable her to prosecute her motion?"

Appellant contends that the trial court erred in awarding appellee accommodation, travel, and legal expenses. Such award, in a post-divorce decree motion, absent a showing of necessity, appellant argues, constitutes an abuse of discretion.

The Ohio Supreme Court, in *Rand* v. *Rand* (1985), 18 Ohio St. 3d 356, 359, discussed the propriety of awarding attorney fees in post-divorce decree proceedings without a showing of necessity. It first held that a showing of necessity is not a prerequisite to awarding attorney fees. *Id.* It then re-affirmed the position that the award of attorney fees is within the sound discretion of the trial court. That discretion is not to be overturned absent an attitude that is unreasonable, arbitrary, or unconscionable. *Id.* Appellant does not contest the amount of attorney fees awarded. Rather, he is contesting the award itself. A review of the record shows that Candace incurred attorney fees in defending appellant's motion to modify child support and in enforcing appellant's obligation to pay child support. Appellant failed to prosecute, and the referee dismissed his action. Accordingly, we cannot say that the trial court abused its discretion in awarding attorney fees.

Second, appellant argues that the trial court abused its discretion in awarding Candace her travel and

accomodation expenses. R.C. 3105.011 provides that the court of common pleas, including the domestic relations division, has full equitable powers to determine all domestic relations matters. As a court of equity, the allowance of expenses and costs rests within its sound discretion. We cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in awarding Candace the costs and expenses she incurred in traveling from Atlanta, Georgia to defend appellant's motion to modify child support and to enforce his existing obligation to support his minor child.

The appellant's assignment of error is overruled. The judgment is affirmed.

*Judgment affirmed.*

GEORGE, P.J., and QUILLIN, J., concur.