COOKSEY, APPELLEE AND CROSS-APPELLANT, *v.* COOKSEY, APPELLANT AND CROSS-APPELLEE.

136

(No. E-87-63—Decided
November 16, 1988.)

*Patricia Myers Cooksey,* appellee and cross-appellant, *pro se.*

*John F. Kirwan,* for appellant and cross-appellee.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division.

The parties to this action, plaintiff-appellee/cross-appellant ("appellee"), Patricia Myers Cooksey, and defendant-appellant/cross-appellee ("appellant"), Donald Cooksey, were divorced August 3, 1973. A judgment entry representing a final determination of custody, support, visitation and alimony was filed October 24, 1974. The decision provided, in relevant part, that appellee was awarded custody of the parties' five minor children. Appellant was ordered to pay child support and the medical and dental expenses of the children. The amount of support was repeatedly adjusted by court order, culminating in the modification which is the subject of this appeal.

The youngest of the parties' children, Christopher, was born March 22, 1968. It is not disputed that Christopher has had a neurological seizure disorder (epilepsy) since age seven and that he takes daily medication for the disorder.

In a judgment entry dated March 4, 1987, upon a motion by appellee, appellant was ordered to pay support and medical expenses for Christopher until he graduated from high school. The order further provided that after Christopher graduated, a hearing would be held to "determine whether * * * [appellant's] obligation for support * * * will continue * * * due to the medical condition of CHRISTOPHER."

A hearing on the matter was held November 16, 1987. Following the hearing, in an order dated December 3, 1987, the trial court ordered, in pertinent part:

"* * * effective June 15, 1987, the father's obligaiton [*sic*] to pay current weekly sustenance child support to the mother is terminated due to [Christopher's] emancipation defined as having attained the age of nineteen and being graduated from high school. * * *

"It is further ordered, however, that due to the child's pre-existing neurological and psychological needs and the child's lack of financial ability to provide for the same, the father shall pay all such hospital, medical, pharmaceutical and psychological services reasonably required by the child until such time as Christopher is able to meet his own expenses for the same or until the child attains the age of twenty-two years, whichever is the latter event to occur.

"The Court orders the father to pay all court costs associated with the litigation of this action, including the costs of deposing and videotaping Dr. Daniels, Dr. Rue and Dr. Rothner and their professional fees associated therewith."

It is from this order that appellant appeals and appellee cross-appeals. Appellant sets forth the following two assignments of error:

"1. The Court errored [*sic*] in finding that the emancipated child of the Plaintiff and Defendant was self-supporting, but that Defendant father is responsible for all future medical bills of the child.

"2. The Court errored [*sic*] in ordering Defendant father to pay the

professional fees of the Plaintiff's witnesses."

Appellant's first assignment of error focuses on the trial court's order requiring appellant to pay Christopher's medical expenses until he becomes self-supporting or reaches the age of twenty-two, whichever is the latter to occur. Essentially, if Christopher never became self-supporting, the support order would continue indefinitely.

Any duty of support imposed under such circumstances would exist under common law rather than being in accordance with an Ohio statute. Ordinarily, a parent's duty of support ends when the child reaches the age of majority. Ohio considers "* * * a normal child as capable of providing his or her own support at the age of eighteen." *Castle* v. *Castle* (1984), 15 Ohio St. 3d 279, 282, 15 OBR 413, 416, 473 N.E. 2d 803, 806. See, also, R.C. 3109.01.

Increasingly, however, courts have imposed a "* * * duty on the part of parents to provide support to a child with some infirmity of body or mind who is unable to support himself or herself after reaching the age of majority." *Castle, supra,* at 281-282, 15 OBR at 415, 473 N.E. 2d at 806.

This obligation has been held to cease " 'only when the necessity for the support ceases.' " *Id.* at 282, 15 OBR at 416, 473 N.E. 2d at 806, quoting *Davis* v. *Davis* (1954), 246 Iowa 262, 266, 67 N.W. 2d 566, 568.

In *Castle,* the Ohio Supreme Court held that the moral and legal duty of support continues beyond the age of majority in the case of mentally or physically disabled children. *Castle, supra,* at 283, 15 OBR at 416, 473 N.E. 2d at 806-807:

"The common-law duty imposed on parents to support their minor children may be found by a court of domestic relations having jurisdiction of the matter to continue beyond the age of majority if the children are unable to support themselves because of mental or physical disabilities which existed before attaining the age of majority." *Id.*

Specifically, the duty imposed in *Castle* extended to a child adjudged to be "severely retarded, physically dependent and incapable of any gainful employment." *Id.* at 279, 15 OBR at 413, 473 N.E. 2d at 804.

In the case *sub judice,* the trial court found that:

"The consensus of opinion garnered from the experts * * * is that given a job commensurate to Christopher's capabilities (he tests at the low normal I.Q. level) and a fair, consistent work environment, he should be capable of maintaining full-time employment.

"* * *

"* * * [Christopher] is not physically or mentally disabled to such an extent that he is incapable of being self-supporting."

The court also found that, at the time of the hearing, Christopher had a part-time job (twenty to twenty-five hours per week) in Columbus, Ohio. Therefore, under the facts presented, the holding in *Castle, supra,* is inapplicable to the case *sub judice.*

The Arkansas Supreme Court extended support payments past the age of majority for a child afflicted with epilepsy in *Petty* v. *Petty* (1972), 252 Ark. 1032, 482 S.W. 2d 119. The *Petty* decision is distinguishable for several reasons. For example, the child, Kay Petty, was unable to hold a job at the time of trial and was enrolled in college. Christopher is able to hold a job and has not enrolled in any educational programs beyond high school.

In *Maphet* v. *Heiselman* (1984), 13 Ohio App. 3d 278, 13 OBR 343, 469 N.E. 2d 92, the Clermont County Court of Appeals evaluated a situation similar to that in the case at bar. Even though Douglas J. Heiselman, a

hemophiliac, had attained the age of majority, the trial court ordered his father, previously divorced from his mother, to continue to support him. The court of appeals reversed, finding that Douglas was "not disabled to the extent that he is completely dependent upon anyone." *Id.* at 280, 13 OBR at 345, 469 N.E. 2d at 95.

Similarly, in regard to Christopher, the trial court found that he was currently holding a part-time job and was capable of becoming self-supporting. Christopher is capable of providing for himself and should be encouraged to do so.

At this point, although we find appellant's first assignment of error well-taken, we find it necessary to go one step further in our discussion. In describing the duty of parents to support their children, the Ohio Supreme Court found that such duty was a principle of the law of nature. *Castle, supra,* at 282, 15 OBR at 416, 473 N.E. 2d at 806:

" '[A]n obligation * * * laid on them not only by nature herself, but by their own proper act, in bringing them into the world: * * * By begetting them, therefore, they have entered into a voluntary obligation to endeavor, as far as in them lies, that the life which they have bestowed shall be supported and preserved.' " *Id.,* quoting 1 Blackstone's Commentaries (Lewis Ed. 1897) 419.

While our disposition of the instant appeal may have absolved appellant of a legal duty to support his son, it has catapulted his moral responsibilities into the spotlight. A parent's ethical obligation to support his children continues long after the expiration of any court order or judicial decree. Such obligation is of particular importance in the case *sub judice.*

In his second assignment of error, appellant argues that the trial court erred in ordering appellant to pay the professional fees of appellee's expert witnesses. Specifically, three doctors testified as to Christopher's condition on behalf of appellee. Appellant did not present any witnesses, nor did he testify.

In *Harpole* v. *Harpole* (1986), 27 Ohio App. 3d 289, 27 OBR 334, 500 N.E. 2d 915, the Medina County Court of Appeals upheld an award of travel costs and expenses. The award was made in favor of appellee who had traveled from Atlanta, Georgia, to defend against appellant's motion to modify child support and to enforce an existing support obligation. The court found at 291, 27 OBR at 335, 500 N.E. 2d at 917, that:

" * * * R.C. 3105.011 provides that the court of common pleas, including the domestic relations division, has full equitable powers to determine all domestic relations matters. As a court of equity, the allowance of expenses and costs rests within its sound discretion.* * *"

Further, a claim that the trial court has abused it discretion must be shown by the party asserting the claim. *Lee* v. *Jennings Transfer Co.* (1967), 14 Ohio App. 2d 221, 43 O.O. 2d 452, 237 N.E. 2d 918. "A finding of an abuse of discretion depends largely on the evidence presented in the record." *St. Clair* v. *St. Clair* (1983), 9 Ohio App. 3d 195, 196, 9 OBR 306, 307, 459 N.E. 2d 243, 235. The record in the instant case does not support a finding that the award was unreasonable, arbitrary or unconscionable. *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 16 O.O. 3d 169, 404 N.E. 2d 144. Accordingly, appellant's second assignment of error is found not well-taken.

As previously noted, appellee filed a notice of cross-appeal on January 11, 1988. However, appellee's brief filed in this court does not conform to App. R. 16. The brief does not contain any assignments of error and appears to be solely a response to the arguments presented by appellant. Accordingly,

appellee's cross-appeal is *sua sponte* dismissed.

Upon consideration whereof, this court finds substantial justice has not been done the party complaining, and the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is reversed in part and affirmed in part. This cause is remanded to said court for further proceedings not inconsistent with this decision. The parties are ordered to divide the court costs of this appeal.

*Judgment reversed in part
and affirmed in part.*

CONNORS, HANDWORK and GLASSER, JJ., concur.