DECISION AND JOURNAL ENTRY
Appellant, Barbara A. Frahlich-Lerch (hereinafter Mrs. Lerch), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.
 I.
On March 12, 1992, Steven M. Frahlich, appellee, and Mrs. Lerch jointly filed for divorce. In an order journalized on May 1, 1992, their marriage was dissolved. The divorce decree and attached separation agreement provided for the support and allocated the custody and visitation rights of the parties to their two minor children, Stephen and Douglas.
Pursuant to the May 1, 1992 order, Mrs. Lerch was the residential parent of both children and Mr. Frahlich was afforded visitation. Further, Mr. Frahlich was to pay child support and share equally in any medical expenses not covered by the children's insurance. This arrangement was modified, upon an agreement by the parties, in a journal entry dated May 31, 1996. Pursuant to the May 31, 1996 order, Mrs. Lerch retained custody of Douglas and Mr. Frahlich received custody of Stephen. Support payments were ended at this point, but Mr. Frahlich was ordered to pay not less than $100 per month to compensate for arrearages owed to Mrs. Lerch, and Mrs. Lerch reserved her right to seek enforcement by court order for payment of the arrearages if payments were not "handled responsibly[.]" On November 12, 1997, in a stipulated judgment entry, Mr. Frahlich was given custody of Douglas (and retained custody of Stephen). Further, Douglas was to remain a student at Redeemer Christian School through the eighth grade. The trial court judge, as well as the attorney who represented each party, executed the stipulated judgment entry. On December 22, 1997, Mrs. Lerch moved to, among other things, rescind the stipulated entry, modify the allocation of parental rights and responsibilities, and for Mr. Frahlich to be ordered to make a lump-sum payment of his portion of the uninsured medical expenses incurred by the children. On March 25, 1998, the trial court, adopting a magistrate's opinion, denied these motions.[1] Further the trial court ordered that any uninsured medical expenses be covered 60% by Mrs. Lerch and 40% by Mr. Frahlich and that Douglas, the couple's youngest son, should attend Redeemer Christian School, the cost to be born by Mrs. Lerch. Mrs. Lerch filed objections to the magistrate's decision, which were overruled by the trial court on July 28, 1998.
On August 13, 1998, Mrs. Lerch filed a motion for: (1) relief from the stipulated judgment entry under Civ.R. 60(B); (2) contempt; (3) judgment on unreimbursed medical expenses; (4) modification of parental rights and responsibilities; (5) modification of child support; (6) "make-up for companionship denied"; (7) modification of allocation of dependency tax exemptions; and (8) attorney fees. The matter was referred to a magistrate who, after a hearing, ruled on March 11, 1999 that Mr. Frahlich be given custody of both children, that Mrs. Lerch pay child support to Mr. Frahlich, and that Mrs. Lerch pay back child support to Mr. Frahlich which was offset by the unreimbursed medical expenses incurred by the children the previous two years. Mrs. Lerch filed objections to the magistrate's decision. On September 24, 1999, the trial court overruled Mrs. Lerch's objections to the magistrate's decision and entered judgment as recommended by the magistrate. This appeal followed.
 II.
Mrs. Lerch asserts four assignments of error. We will address each in turn.
 A. Standard of Review
We initially set forth our standard of review. When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. Mealey v. Mealey (May 8, 1996), Wayne App. No. 95CA0093, unreported, at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id.
An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 B. First Assignment of Error
THE TRIAL COURT ERRED BY MISCALCULATING THE AMOUNT AND EFFECTIVE DATE OF CHILD SUPPORT BY FAILING TO ATTRIBUTE THE PROPER INCOME TO APPELLEE.
Mrs. Lerch avers that the trial court erred in calculating Mr. Frahlich's income. Specifically, Mrs. Lerch avers that the trial court erred by relying on Mr. Frahlich's income tax returns when the evidence presented at the hearing indicated that his income was substantially higher. Moreover, she asserts that, when Mr. Frahlich's yearly income from his primary employer is added to the income from a rental property and the income from a tortilla distributorship, a change in the child support order is appropriate. We disagree.
When a trial court is asked to modify the amount of child support required to be paid under a child support order, it must recalculate the amount of child support pursuant to the applicable worksheet, and
 if that amount as recalculated is more than ten per cent [sic] greater than or more than ten per cent [sic] less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation * * * shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order.
 R.C. 3113.215(B)(4). Moreover, "[w]hen the court is modifying a preexisting order for the payment of child support, the court must apply the ten percent test established by R.C. 3113.215(B)(4) in the Child Support Guidelines and the standards set out in Marker v. Grimm
(1992), 65 Ohio St.3d 139[.]" DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, paragraph two of the syllabus.
In the instant case, Mrs. Lerch challenges the trial court's determination of the figures, which are to be used by the trial court in completing the appropriate worksheet. Namely, she avers that the trial court erred in its calculation of Mr. Frahlich's income and in not considering his new wife's income. Upon a review of the record, however, we find that the figure used by the trial court in the worksheet was based on the income Mr. Frahlichreceived in 1998 rather than the amount of income he earned in 1998. This presents the issue of whether one's income pursuant to R.C. 3113.215(A)(1) is based on the income one accrues in the applicable year or receives in the applicable year. We conclude that a trial court does not abuse its discretion in applying the same method which the party uses on their Federal Income Tax Return as, under the Internal Revenue Code, one may, in the applicable case, choose either method. Therefore, we cannot conclude that the trial court erred in basing Mr. Frahlich's income on the amount he actually received in the applicable year rather than the amount which he earned in the applicable year as he based his income for federal tax purposes on the amount of income he received. Moreover, basing his income on the amount he actually received is not unfair, while having an individual pay child support based upon phantom income may be. Furthermore, it is not inaccurate to calculate his income based upon the amount he receives in a year, as the amount due at the end of that year will, most probably, be paid in the next year, while the same proportion of the next year's income will be carried over to the following year.
Mrs. Lerch also urges that the trial court should have considered Mr. Frahlich's new wife's income. However, such income is not considered under the child support worksheet, but the trial court "may deviate from the amount of support that otherwise would result from the use of the schedule and the applicable worksheet" in the best interest of the child upon consideration of, among other things, the "[b]enefits that either parent receives from remarriage or sharing living expenses with another person[.]" R.C. 3113.215(B)(3)(h). Here, the trial court did not find a deviation in the child support that the nonresidential parent was to pay to the residential parent based on the residential parent's spouse's income to be in the child's best interest. We cannot conclude that such a decision was an abuse of discretion. Mrs. Lerch's first assignment of error is overruled.
 C. Second Assignment of Error
THE TRIAL COURT ERRED BY FAILING TO ADDRESS THE ISSUE OF CONTEMPT BY APPELLEE FOR HIS WILLFUL VIOLATION OF THE COURT'S STIPULATED ENTRY REQUIRING THE PARTIES' YOUNGEST SON TO ATTEND 8TH GRADE AT REDEEMER CHRISTIAN SCHOOL.
Mrs. Lerch argues that the trial court erred in failing to impose sanctions on Mr. Frahlich because he failed to enroll their son Douglas at Redeemer Christian School for the eight grade. We disagree.
Generally, a trial court's determination on a motion for contempt will be reviewed under the abuse of discretion standard.State ex rel. Adkins v. Sobb (1988), 39 Ohio St.3d 34, 36. Moreover, "[a] trial court has discretion to include reasonable attorney fees as a part of costs taxable to a defendant found guilty of civil contempt." State ex rel. Fraternal Order ofPolice v. Dayton (1977), 49 Ohio St.2d 219, syllabus. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, 66 Ohio St.3d at 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the instant case, neither the magistrate nor the trial court ruled on Mrs. Lerch's motion for contempt. As this court has previously held, "[w]hen a trial court fails to rule upon a motion, it will be presumed that it was overruled." Georgeoff v.O'Brien (1995), 105 Ohio App.3d 373, 378. Upon review of the record, we perceive that, although Mr. Frahlich was obliged to enroll Douglas in Redeemer Christian School, Mrs. Lerch was obliged to pay the tuition. Mrs. Lerch received notice from Redeemer Christian School that the tuition had not been paid and asked the school to forward the notice to Mr. Frahlich. Hence, from the record it appears that Mrs. Lerch was also responsible for Douglas not being enrolled in Redeemer Christian School as she failed to pay the tuition. Accordingly, we cannot conclude that the trial court abused its discretion by failing to grant Mrs. Lerch's motion for contempt. Mrs. Lerch's second assignment of error is overruled.
 D. Third Assignment of Error
THE TRIAL COURT ERRED BY ARBITRARILY AND UNREASONABLY LIMITED [sic] APPELLANT'S REIMBURSEMENT FOR UNPAID MEDICAL EXPENSES FROM APPELLEE TO A TWO YEAR PERIOD.
Mrs. Lerch argues that the trial court, by adopting the magistrate's decision in which the magistrate reasoned that Mrs. Lerch's claim for unreimbursed medical expenses should be limited to the past two years because insurance companies normally limit claims to the past two years, abused its discretion. We disagree.
A trial court has considerable discretion in calculating the amount of reimbursement for medical expenses in a child support award. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371. "[T]he court's discretion will not be disturbed absent an abuse of discretion." Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons,66 Ohio St.3d at 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
We initially note that the trial court did not reiterate the magistrate's reasoning. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Mealey, supra, at 5. Hence, our review is of the trial court's decision and we do not pass upon the magistrate's reasoning. Mrs. Lerch sought reimbursement for medical expenses going back several years, but the trial court limited her recovery to expenses incurred in the previous two years. Due to the inherent evidentiary problems with bills far in the past and the prejudice that may have accrued to Mr. Frahlich thereby, we cannot conclude that the trial court abused its discretion in affirming the magistrate's decision in that regard. Accordingly, Mrs. Lerch's third assignment of error is overruled.
 E. Fourth Assignment of Error
THE TRIAL COURT ERRED BY FAILING TO AWARD APPELLANT REASONABLE ATTORNEY FEES AND COSTS.
Mrs. Lerch avers that, as Mr. Frahlich failed to comply with the trial court's orders regarding the payment of medical expenses and the agreement requiring Douglas to be enrolled in Redeemer Christian School, she is entitled to reasonable attorney fees and costs. We disagree.
The award of attorney fees in post-divorce decree proceedings need not be based upon necessity; rather, such an award is left to the sound discretion of the trial court. Harpole v. Harpole
(1986), 27 Ohio App.3d 289, 290, citing Rand v. Rand (1985),18 Ohio St.3d 356, 359. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons,66 Ohio St.3d at 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the case sub judice, we have found that the trial court did not err in failing to find Mr. Frahlich in contempt, in the income figure it used to calculate his child support obligation, or in failing to order reimbursement of medical expenses which occurred in the distant past. Accordingly, we cannot conclude that the trial court abused its discretion by failing to award Mrs. Lerch attorney fees and costs. Mrs. Lerch's fourth assignment of error is overruled.
 III.
Mrs. Lerch's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J., CARR, J., CONCUR
[1] We do not reach whether the trial court's judgment entry of March 25, 1998 was a final appealable order.