DECISION AND JUDGMENT ENTRY
{¶ 1} Danny Yost appeals from the Scioto County Domestic Relations Court's order that he continue paying child support for his nineteen-year-old autistic son, Dustin. He argues the trial court retroactively altered his duty of support; he also contends the court failed to apply the best interest of the child test to this case. The trial court correctly applied existing common law and did not have to utilize the best interest of the child test in deciding whether Mr. Yost had a duty to support his autistic son beyond the age of majority. Accordingly, we affirm.
 {¶ 2} Danny and Mary Yost were divorced in August 1993. The court's divorce decree designated Ms. Yost the residential parent and legal custodian of the couple's minor child, Dustin, and ordered Mr. Yost to pay $705.25 a month in child support. Specifically, the order stated, "support shall be paid until the child in question reaches age 18. Mother to apply for SSI or equivalent. Support to be re-calculated at age 18 or when SSI payments commence which ever occurs first."
 {¶ 3} In June 1998, the Scioto County Child Support Enforcement Agency (CSEA) conducted an administrative review of Mr. Yost's child support obligation and recommended an increase in child support to $813.39 a month. In December 2000, Ms. Yost filed a motion to modify child support based on a change in circumstances of the parties. However, in February 2001, the Yosts agreed that Mr. Yost would continue paying the current amount of child support, $813.39, until June 1, 2002, the approximate date of Dustin's high school graduation. The parties also agreed Mr. Yost's child support obligation would end at that time, unless Ms. Yost petitioned the court and obtained an order to extend child support because of Dustin's disability. Finally, the parties agreed Ms. Yost would "apply for social security benefits for the minor child."
 {¶ 4} In March 2002, Ms. Yost filed a motion requesting that Mr. Yost continue paying child support beyond June 1, 2002, because "the parties' 19 year old child is emotionally and intellectually handicapped." Following a hearing on Ms. Yost's motion, the parties agreed to submit briefs to the court regarding the applicability of R.C. 3119.86.[1] The parties stipulated that since his minority, Dustin was disabled and that he was ineligible for SSI benefits because of the present child support orders. Without the present child support orders, the parties agreed that Dustin would be eligible for SSI benefits of approximately $500 a month.
 {¶ 5} After receiving the briefs, the magistrate found Mr. Yost had a duty to support his son beyond the age of majority because of his son's disability. The magistrate based his finding on Castle v. Castle
(1984), 15 Ohio St.3d 279, 473 N.E.2d 803, and noted it could not directly apply R.C. 3119.86 retroactively. It did however, "find it prudent to look at the legislative intent behind that section" because it implemented the common law. Mr. Yost filed timely objections to the Magistrate's Decision, which stated the same arguments embodied in his three assignments of error here. The trial court overruled the objections and Mr. Yost filed this appeal assigning the following errors: "FIRSTASSIGNMENT OF ERROR — The trial court abused its discretion in applying R.C. 3119.86 and Castle vs. Castle, 15 Ohio St.3d 279 (1984), to the case at bar. SECOND ASSIGNMENT OF ERROR — The trial court abused its discretion in failing to consider the "best interests" of the parties' child in applying an extended duty of support beyond the age of majority. THIRD ASSIGNMENT OF ERROR — The trial court abused its discretion in ordering defendant to continue paying the previously ordered child support amount, beyond the child's age of majority, until such time as said child is capable of supporting himself."
 {¶ 6} In his first assignment of error, Mr. Yost argues the trial court "abused its discretion" because it applied the wrong legal standard. The question of what substantive law to apply to a dispute raises a purely legal issue, which we review on a de novo basis rather than for an abuse of discretion.
 {¶ 7} Mr. Yost argues that at the time he and his wife were divorced in 1992, a parent's statutory duty under R.C. 3103.03(B) and3109.05(E) remained in effect beyond the eighteenth birthday only while the child continuously attended high school on a full time basis. He contends the decree and the parties subsequent agreement to extend support until the June 2, 2002 graduation date were consistent with the law in effect at the date he incurred his support obligation. By extending his duty to support Dustin beyond the age of majority, the appellant argues the court has retroactively altered this obligation based upon statutory authority that was not in effect at the time of his divorce. Under Nokes v. Nokes, (1976), 47 Ohio St.2d 1, appellant contends that a subsequent amendment to the child support statute cannot affect a support order that was issued prior to the amendment.
 {¶ 8} In the absence of statutory authority, a parent's duty to support a child generally ends when the child reaches the age of majority. Castle v. Castle (1984), 15 Ohio St.3d 279, 282, 473 N.E.2d 803;Sexton v. Conley, Scioto App. No. 01CA2823, 2002-Ohio-6346, at ¶ 13. However, in Castle, the Ohio Supreme Court created an exception to this general rule when it stated: "The common-law duty imposed on parents to support their minor children may be found by a court of domestic relations having jurisdiction of the matter, to continue beyond the age of majority if the children are unable to support themselves because of mental or physical disabilities which existed before attaining the age of majority." Castle, 15 Ohio St.3d 279, paragraph one of the syllabus. The Court also stated, "[i]n the case of mentally or physically disabled children there must exist a duty both morally and legally on parents to support and maintain such children." Id. at 283. Thus, in Castle, the Ohio Supreme Court created a common law duty for parents to continue supporting their mentally or physically handicapped children.
 {¶ 9} To date, the Ohio Supreme Court has not reversed its decision in Castle. In addition, while some Ohio District Courts of Appeal have distinguished cases on their facts, no Ohio District Court of Appeal has failed to apply Castle. See O'Connor v. O'Connor (1991),71 Ohio App.3d 541, 594 N.E.2d 1081; Cooksey v. Cooksey (1988),55 Ohio App.3d 135, 562 N.E.2d 934; Williams v. Williams (Jan. 27, 1994), Franklin App. No. 93APF09-1239 (all three cases distinguished their facts from the facts in Castle). See, also, In re Buechter, Miami App. No. 2002-CA-22, 2002-Ohio-5598; Arthurs v. Arthurs (July 26, 2000), Tuscarawas App. No. 2000AP020021; Wiest v. Wiest (Mar. 10, 2000), Darke App. No. 1498 (all three cases applied Castle and recognized that it was still good law). In fact, even though the General Assembly amended the child support statutes at least nine times since the Supreme Court decided Castle, none of those amendments evidenced an intention to supercede Castle. Moreover, every Ohio Appellate District has citedCastle approvingly despite the subsequent amendments. Although we have never had the opportunity to discuss Castle in depth, we have cited it four times. See Swank v. Swank (April 5, 1990), Athens App. No. 1516;Adkins v. Adkins (Feb. 27, 1990), Pickaway App. No. 89CA2; Moritz v.Moritz (April 21, 1988), Lawrence App. No. 1845; Sheridan v. Sheridan
(Sept. 26, 1986), Gallia App. No. 84CA18. Since the Ohio Supreme Court has not reversed or modified Castle, it continues to define the common law in this context, contrary to appellant's unsupported contention otherwise. We reject appellant's contention that the legislature's failure to explicitly adopt the holding in Castle when it subsequently amended the child support statutes in other regards amounts to an implicit repudiation of it. The legislature's failure to address a pronouncement of the Supreme Court in the context of making changes to codified law on the same topic is not indicative of a desire to repudiate the common law.
 {¶ 10} In 2000, the General Assembly enacted R.C. 3119.86, which effectively codified the Supreme Court's decision in Castle. Mr. Yost argues any reliance on R.C. 3119.86 amounts to the retrospective application of the statute. When it addressed this issue, the trial court stated, "[R.C.] 3119.86 does not specifically state it is to be applied retroactively. However, this cannot be the end of the analysis of this issue. While R.C. 3119.86 may not be directly applicable in this matter due to the lack of any legislative language regarding retrospective application, the common law in this area still exists and is applicable." Later, the trial court stated, "R.C. 3119.86 is simply a legislative codification of the holding in Castle v. Castle. Despite the fact that R.C. 3119.86 does not technically have respective [sic] application in this matter, the Court finds it prudent to look to the legislative intent behind that section in implementing the common law in this instance." Thus, it is clear that the trial court applied the common law of Castle, and not its codification under R.C. 3119.86.
 {¶ 11} Nonetheless, appellant maintains that the court's decision to extend the duty of support amounts to the retrospective application of the statute. Appellee responds that R.C. 3119.86 "does not create a new obligation or cut off an existing right, but rather codifies the current status of the common law as enunciated in Castle." Thus, Ms. Yost argues applying R.C. 3119.86 would not result in retrospective application because it simply codified the common law as it existed at the time of the parties divorce. We agree with her.
 {¶ 12} "Every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already passed, must be deemed retrospective." Perk v.Euclid (1969), 17 Ohio St.2d 4, 8, 244 N.E.2d 475; Mazzuckelli v.Mazzuckelli (1995), 106 Ohio App.3d 554, 558, 666 N.E.2d 620. See, also, R.C. 1.58(A)(2) (stating that amendments do not affect any right or obligation previously incurred). Here, the trial court could have applied R.C. 3119.86 because it did not take away a vested right, create a new obligation, or impose a new duty on Mr. Yost. Put simply, under Castle
Mr. Yost had a duty to provide for his disabled son beyond the age of majority before the General Assembly enacted R.C. 3119.86. R.C. 3119.86
did not change Mr. Yost's duty of support in any way. Rather, R.C. 3119.86
merely codified Mr. Yost's pre-existing common law duty to provide support for his disabled son. Since R.C. 3119.86 did not change an existing duty or create a new duty, the trial court could have relied upon it even though it based its decision on the common law.
 {¶ 13} Mr. Yost reliance on Nokes, supra, is also misplaced. InNokes, the Supreme Court found an amendment that lowered the age of majority from twenty-one to eighteen could not be applied retrospectively because the earlier version of the statute created an obligation to provide support until the age of twenty-one. Thus, the Court held the new statute could not alter this obligation retrospectively. Our situation is distinguishable from that in Nokes because Mr. Yost's obligation remains the same regardless of whether we apply R.C. 3119.86. For example, if we were to find the trial court could not apply R.C. 3119.86
retrospectively, Castle would still require Mr. Yost to support Dustin beyond the age of majority. Thus, we overrule Mr. Yost's first assignment of error because the trial court did not err in applying Castle and in referring to the legislature's intent to codify it in R.C. 3119.86.
 {¶ 14} Mr. Yost's second and third assignments of error involve the trial court's failure to apply the best interest of the child standard in determining whether to extend the duty of support beyond the age of majority. Both purported errors again raise a question of law and we address them simultaneously. Mr. Yost bases both assignments of error on the following statement from the trial court: "Neither Castle, nor R.C. 3119.86 mentions a `best interest' standard in applying a duty to support beyond the age of majority to the non-residential parent. Rather, the mandate of the Legislature in R.C. 3119.86 is quite clear that the duty of support shall continue under any of the three circumstances enumerated. Therefore, no discretion is given to the court in factoring the `best interests' of the child in applying an extended duty of support beyond majority. Accordingly, the Court in this instance, declines Father's invitation to consider the effect and impact of social security payments, MRDD benefits and medical insurance availability."
The appellant interprets this statement to mean that the trial court would never consider the best interest of the child, even if his circumstances changed and he later sought a modification of child support. The appellee interprets the trial court's statement as being limited to a determination of whether a duty to continue support beyond the age of majority exists. She contends that order does not address whether the best interest standard would apply to a subsequent motion to modify support. Again, we agree with appellee.
 {¶ 15} Here, the issue did not involve a change in the amount of support. Rather, both parties simply asked the court to determine whether Mr. Yost's child support obligation continued beyond the age of majority. The trial court answered this question by finding Castle and R.C. 3119.86 did not vest it with discretion in determining whether a duty to support a disabled child beyond the age of majority existed. BothCastle and R.C. 3119.86 speak in mandatory terms. For example, inCastle, the Court stated, "[i]n the case of mentally or physically disabled children there must exist a duty both morally and legally on parents to support and maintain such children." [Emphasis Added.] Castle,15 Ohio St.3d at 283. Moreover, the General Assembly titled R.C. 3119.86, "[c]ircumstances requiring duty of support beyond child's eighteenth birthday." [Emphasis Added.] In addition, R.C. 3119.86(A)(1) states, "a court child support order shall continue beyond the child's eighteenth birthday only under the following circumstances." [Emphasis Added.] Thus, both Castle and R.C. 3119.86 explicitly refer to the duty of support to a disabled child in mandatory terms so that the trial court need not consider the best interest of the child in this determination. In effect, the legislature and the Supreme Court have already done that.
 {¶ 16} Mr. Yost's chief concern seems to be that the court will not apply the best interest of the child standard to any future request for a modification of the amount of child support. The trial court did not decide that the best interest of the child standard is inapplicable to a motion for modification of child support. Moreover, nothing in our reading of R.C. Chapter 3119 or child support case law leads us to conclude that trial courts should treat modification of a child support order for a disabled child beyond the age of majority any differently than any other motion for modification of child support. Ms. Yost even concedes the normal rules governing a motion to modify child support would apply in this situation. Thus, if Mr. Yost seeks to modify the amount of child support he pays, he may file a motion to modify child support or request an administrative review. R.C. 3119.60 et seq. See, also, Sowald Morganstern, Domestic Relations Law (2002 Ed.) 949, Section 19.16. Then, he would have the burden to rebut the presumption that the guideline amount is appropriate by demonstrating that a deviation was necessary because the guideline amount of support is "unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22. See, also, R.C. 3119.23.
 {¶ 17} Since the trial court did not have to apply the best interest of the child standard in determining whether a duty of support exists for a disabled child, Mr. Yost's second and third assignments of error are overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J.: Concurs in Judgment Only.
Abele, J.: Concurs in Judgment and Opinion.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.
[1] R.C. 3119.86 states in part: "(A) Notwithstanding section 3109.01
of the Revised Code, both of the following apply: (1) The duty of support to a child imposed pursuant to a court child support order shall continue beyond the child's eighteenth birthday only under the following circumstances: (a) The child is mentally or physically disabled and is incapable of supporting or maintaining himself or herself. (b) The child's parents have agreed to continue support beyond the child's eighteenth birthday pursuant to a separation agreement that was incorporated into a decree of divorce or dissolution.* * * *"