CASTLE, APPELLANT, *v.* CASTLE, APPELLEE.

MULLANNEY, APPELLEE, *v.* MULLANNEY, APPELLANT.

[Cite as Castle *v.* Castle (1984), 15 Ohio St. 3d 279.]

(Nos. 83-1845 and 84-386—Decided December 31, 1984.)

*Messrs. Tracy & Tracy* and *Mr. Louis E. Tracy,* for appellant in case No. 83-1845.

*Messrs. Meily, Mues & Kovich* and *Mr. Robert L. Mues,* for appellee in case No. 83-1845.

*Messrs. Wood & Lamping* and *Mr. Stephen Cohen,* for appellant in case No. 84-386.

*Messrs. Frost & Jacobs, Mr. Michael L. Cioffi* and *Mr. Pierce E. Cunningham,* for appellee in case No. 84-386.

CLIFFORD F. BROWN, J. These causes before the court present a common-law question of first impression in the state of Ohio. Both appellants argue that the domestic relations division of the court of common pleas retains no jurisdiction over their cases to order any modification or continuation of child support payments after their children reach the statutory age of majority. These cases are not easily decided. If there does exist a common-law duty to support a disabled child, who was so disabled before he or she attained the statutory age of majority, then the domestic relations court retains jurisdiction over parties in a divorce, dissolution, or separation proceeding to modify the support payments for that child as if the child were still an infant.

Increasingly, courts have recognized a legal duty on the part of parents to provide support to a child with some infirmity of body or mind

who is unable to support himself or herself after reaching the age of majority. For compelling moral and public policy reasons this court concurs with the enlightened path other states have followed in finding such a duty.[2]

Ordinarily, in the absence of a statutory provision to the contrary, the duty of the parent to support a child ends when the child reaches the age of majority. The law regards a normal child as capable of providing his or her own support at the age of eighteen. See R.C. 3109.01. An exception to this general rule has been recognized by a majority of states which have reviewed the question, as follows:

"* * * [But] where a child is of weak body or mind, unable to care for itself after coming of age, and remains unmarried and in the parent's home, it has been held that the parental rights and duties remain practically unchanged, and that the parent's duty to support the child continues as before. The obligation to support such a child ceases only when the necessity for the support ceases." 39 American Jurisprudence (1942) 710, Parent and Child, Section 69.

Numerous jurisdictions have adopted or acknowledged this exception to parental support duties. See the citations of thirty-two cases from seventeen different jurisdictions in Annotation (1948), 1 A.L.R. 2d 910, 921.

In *Davis* v. *Davis* (1954), 246 Iowa 262, 266, 67 N.W. 2d 566, the Iowa Supreme Court stated: "* * * [G]enerally at common law a parent's obligation to support his child ends when the latter becomes of age. But there is an important, widely recognized exception to this rule where the child because of weak body or mind is unable to care for itself upon attaining majority. The obligation to support such a child ceases only when the necessity for the support ceases." The reasoning of the Iowa Supreme Court is compelling. The duty of parents to provide for the maintenance of their children has been described by Blackstone as a "principle of [the] natural law," "an obligation * * * laid on them not only by nature herself, but by their own proper act, in bringing them into the world: * * * By begetting them, therefore, they have entered into a voluntary obligation to endeavor, as far as in them lies, that the life which they have bestowed shall be supported and preserved." 1 Blackstone's Commentaries (Lewis Ed. 1897) 419.

In 2 Kent's Commentaries on American Law (1884) 190, it is stated: "The wants and weaknesses of children render it necessary that some person maintains them, and the voice of nature has pointed out the parent as

---

[2] See *Breuer* v. *Dowden* (1925), 207 Ky. 12, 268 S.W. 541; *Murrah* v. *Bailes* (1951), 255 Ala. 178, 50 So. 2d 735; *Davis* v. *Davis* (1954), 246 Iowa 262, 67 N.W. 2d 566; *State, ex rel. Kramer,* v. *Carroll* (Mo. 1958), 309 S.W. 2d 654; *Kruvant* v. *Kruvant* (1968), 100 N.J. Super. 107, 241 A. 2d 259; *Dehm* v. *Dehm* (Utah 1976), 545 P. 2d 525; see, also, extensive citations in Annotation (1948), 1 A.L.R. 2d 910; 39 American Jurisprudence (1942) 710, Parent and Child, Section 69; 67A Corpus Juris Secundum (1978) 195, Parent and Child, Section 15.

the most fit and proper person. The laws and customs of all nations have enforced this plain precept of universal law. * * * The obligation on the part of the parent to maintain the child continues until the latter is in a condition to provide for its own maintenance * * *."

In the case of mentally or physically disabled children there must exist a duty both morally and legally on parents to support and maintain such children. The common-law duty imposed on parents to support their minor children may be found by a court of domestic relations having jurisdiction of the matter to continue beyond the age of majority if the children are unable to support themselves because of mental or physical disabilities which existed before attaining the age of majority.

It should be stressed that while this court affirms the result reached by the appellate court in the *Mullanney* case, that a domestic relations court has jurisdiction to order a noncustodial parent to continue to provide support after the age of majority if the child is physically or mentally disabled to the extent of being incapable of maintaining himself or herself, this case must nonetheless be remanded to the trial court for a factual determination as to whether Kelly is so disabled.

Therefore, the judgments of the courts of appeal are affirmed and both causes are remanded to the trial court for further proceedings consistent with this opinion.

*Judgments affirmed.*

W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

CELEBREZZE, C.J., dissents.

CELEBREZZE, C.J., dissenting. I neither fathom nor condone, from a moral perspective, the termination of parental support to a disabled child simply upon the child's reaching the statutory age of majority. Nevertheless, as repugnant and reprehensible as these terminations of support are, I believe that any extension of the parental duty to support minor children into adulthood and beyond must emanate from the General Assembly, inasmuch as it is within their province to define the scope of the parental duty of support in the first instance. Some would say upon an initial reading of the pertinent sections of the Revised Code that they already have.

I, therefore, reluctantly dissent. The majority here churns out a majestic contradiction bordering on stupefaction, for in a confusion of terms of grave consequence the "majority" becomes a "minority."