**ULERY, Appellant,**

**v.**

**ULERY, Appellee.**

[Cite as *Ulery v. Ulery* (1993), 86 Ohio App.3d 290.]

Court of Appeals of Ohio,
Summit County.

No. 15801.

Decided Feb. 10, 1993.

*John Dohner,* for appellant.

*Barbara Mushrat,* for appellee.

REECE, Judge.

Plaintiff-appellant, Edward Ulery, appeals the trial court's judgment refusing to terminate its child support order. We reverse.

Edward and the defendant-appellee, Crystal J. Ulery, entered into an agreed judgment entry terminating their marriage on April 14, 1983. Pursuant to this agreement, Edward paid Crystal $30 per week for support of their son Donald during his minority. Donald turned eighteen on February 22, 1992.

Edward moved to have the child support order terminated as Donald neared majority. The trial court referred the matter to a referee, who found that Donald has minimal brain dysfunction, educational and behavioral problems, was in special education through the fifth grade and still was attending high school. The referee also found that Donald could not support himself. Despite these findings, the referee recommended that child support payments cease as Donald had reached the agreed age that child support was to terminate. Objections were filed to this report and the trial court sustained those objections and ruled that *Castle v. Castle* (1984), 15 Ohio St.3d 279, 15 OBR 413, 473 N.E.2d 803, required child support to continue because Donald was unable to support himself due to his physical and mental disabilities. Edward appeals from this decision, raising three assignments of error.

### Assignments of Error

"1. The trial court committed reversible error in not terminating child support pursuant to the agreement of the parties as entered into in the judgment entry of divorce.

"2. The trial court abused its discretion in finding that the minor child, Donald Ulery, is unable to support himself because of mental or physical disabilities pursuant to *Castle v. Castle* (1984), 15 Ohio St.3d 279, 15 OBR 413, 473 N.E.2d 803.

"3. The trial court committed reversible error when it determined that child support should not terminate as agreed upon by the parties and pursuant to *In re Dissolution of Lazor* (1991), 59 Ohio St.3d 201, 572 N.E.2d 66."

Initially, the referee found *In re Dissolution of Marriage of Lazor* (1991), 59 Ohio St.3d 201, 572 N.E.2d 66, controlled this case, not *Castle*. Because each of these assignments raises the issue of the trial court's decision to sustain the objection to the referee's report, we shall discuss them together.

■ Edward questions whether there are sufficient facts to support a finding that Donald is unable to support himself. In *Castle*, 15 Ohio St.3d at 283, 15 OBR at 416, 473 N.E.2d at 806–807, the Ohio Supreme Court held:

" * * * The common-law duty imposed on parents to support their minor children may be found by a court of domestic relations having jurisdiction of the matter to continue beyond the age of majority if the children are unable to support themselves because of mental or·physical disabilities which existed before attaining the age of majority."

■ Thus, in order to support a *Castle* finding, a trial court must find that a child is unable to support himself and that inability to be self-sufficient is the result of his mental or physical disabilities.

In this case, the referee did not make the second finding required by *Castle*. While the referee found that Donald was unable to support himself, her finding is not clearly based on any finding of physical disability. Specifically, the court adopted the referee's findings that:

" *.* * * He [Donald] is still attending high school; it is anticipated that he will not graduate until June 1994. Donald is not in a position to support himself. He has had educational and behavioral problems. His educational problems stem from minimal brain dysfunction, and he was in special education through the fifth grade. His behavior problems have been the subject of Juvenile Court proceedings, and he will be on probation until December 1994."

There is no indication that the only physical or mental disability mentioned, minimal brain dysfunction, is sufficiently debilitating to result in Donald's inabili-

ty to support himself. The referee's findings did not make the causal connection between a child's inability to support himself and physical or mental disabilities as required by *Castle*. The court did not take any additional evidence before adopting the referee's report.

Because the referee's findings do not include sufficient facts to support a *Castle* finding, the trial court erred in sustaining Crystal's objections. Civ.R. 53(E)(5) provides that the referee's findings of fact must be sufficient for the court to make an independent analysis and reach its own conclusions of law. Thus, the duty to provide sufficient findings of fact is on the referee. *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 57–58, 548 N.E.2d 287, 289–291.

In its decision, the trial court found that sufficient evidence existed to support a *Castle* finding. We disagree. The referee's report does not find a cause for Donald's inability to support himself. If it is because of physical and medical disabilities then *Castle* may apply. If it is because he is still in high school or because of behavioral problems unrelated to physical or mental disability then *Lazor* would control. However, sufficient findings of fact do not exist on this record to support the trial court's finding that *Castle* applied.

The judgment of the trial court is reversed and the cause is remanded to the trial court.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and BAIRD, J., concur.