I agree with the majority as to the analysis and disposition of the first and third assignments of error. I agree with the majority as to the disposition of the second assignment of error but not the analysis. Appellant's second assignment of error should be overruled because an inquiry into whether there has been a change in the financial circumstances of the either of the parties or the child is irrelevant at this point under the facts of the case sub judice. The parties' agreement was that support was to continue until Shannon finished any special classes even if said classes continued beyond her eighteenth birthday. The Magistrate recommended extending child support for the "school year 1998/1999 and beyond for as long as Shannon remains in Starlight School." It appears to me that the issue before the Magistrate was the interpretation of the parties' agreement. There was no need, therefore, to present proof of changed circumstances or Shannon's inability to support herself to the Magistrate. However, to set a child support amount after the expiration of the parties' agreement, the movant would need to comply with Castle v. Castle (1984), 15 Ohio St.3d 279 and establish that Shannon's disability (which existed prior to her 18th birthday) caused Shannon to be unable to support herself.