DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Williams County Court of Common Pleas in a case involving the termination of child support for a disabled adult child. Because we conclude that the trial court's decision was not supported by the evidence, we reverse.
 {¶ 2} Appellant, Camilla G. Traxler (n/k/a Miller), and appellee, Kyle D. Traxler, were divorced in 1999. The parties had a child, Jeremy, who was born in 1977 under a disability, i.e., muscular dystrophy. At the time of the decree, Jeremy was attending Northwest State Community College, scheduled to graduate in June 2000. The court ordered Kyle to pay child support to Camilla, the custodial parent, until after Jeremy graduated and "obtained full-time employment." The court also provided that Kyle could petition for the termination of child support after June 2000, "if the minor child is capable of gainful employment." In the divorce decree, the court also approved an agreement between the parties which stated as follows:
 {¶ 3} "The Defendant [father] agrees to maintain health insurance covering the child of the parties as provided by his employer.
 {¶ 4} "Each party agrees further to pay one-half of all hospital, medical, surgical, pharmaceutical, nursing, optical, dental, orthodontic, chiropractic, supplement, and prescription lenses expenses of the minor child not covered by the foregoing health insurance.
 {¶ 5} "The Plaintiff [mother] shall provide all bills to the Defendant and the Defendant shall reimburse the Plaintiff within seven (7) days thereafter."
 {¶ 6} Various post-divorce motions were filed at different times by the parties or by the Williams County Child Support Agency ("WCSEA"). In February 2003, WCSEA filed a motion requesting a hearing on behalf of Kyle because "there may be reason for the support order to terminate." In early April, Camilla moved to dismiss the motion and filed a motion to show cause, alleging that Kyle should be found in contempt for failure to pay medical expenses.
 {¶ 7} After conducting a brief hearing on April 23, 2003, the trial court ordered that Kyle's child support obligation would terminate in June 2004 and that, beginning with June 2003, the responsibility of providing health insurance for Jeremy would shift from Kyle to Camilla through her employer's insurance. The court ordered that Kyle pay outstanding medical bill arrearages of $1,838.98 by May 15 and a $2,000 child support arrearage by December 31, 2003.
 {¶ 8} Miller now appeals from that judgment, setting forth the following two assignments of error:
 {¶ 9} "I. The trial court erred as a matter of law in terminating the appellee's child support obligation.
 {¶ 10} "II. The trial court erred as a matter of law in issuing an order requiring the appellant to provide health insurance coverage for the child."
 {¶ 11} We will address Miller's two assignments of error together. In essence, she argues that the trial court erred by issuing orders regarding the termination of child support and a change in responsibility for health insurance which were unsupported by any factual evidence or law. We agree.
 {¶ 12} In March 2001, R.C. 3119.86 became effective and states in pertinent part:
 {¶ 13} "(A) Notwithstanding section 3109.01 of the Revised Code, both of the following apply:
 {¶ 14} "(1) The duty of support to a child imposed pursuant to a court child support order shall continue beyond the child's eighteenth birthday only under the following circumstances:
 {¶ 15} "(a) The child is mentally or physically disabled and is incapable of supporting or maintaining himself or herself.
 {¶ 16} "(b) The child's parents have agreed to continue support beyond the child's eighteenth birthday pursuant to a separation agreement that was incorporated into a decree of divorce or dissolution.
 {¶ 17} "(c) The child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday."
 {¶ 18} This statute codified the common-law duty imposed on parents to support their children beyond the age of majority if the children are unable to support themselves because of mental or physical disabilities which existed before attaining the age of majority. See Yost v. Yost, 4th Dist No. 02CA2852, 2003-Ohio-3754, ¶ 8, citing Castle v. Castle
(1984), 15 Ohio St.3d 279, paragraph one of the syllabus. Thus, under either the common-law duty or the more recent statutory duty, parents are obligated to support adult children who, due to a mental or physical handicap, cannot support themselves.
 {¶ 19} Generally, matters involving the determination of child support are within the trial court's sound discretion and will not be reversed absent an abuse of that discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion involves more than an error of judgment; it implies an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. In this case, the record was so sparse that the court's decision can only be termed arbitrary.
 {¶ 20} After reviewing the record in this case, we conclude that little, if any, evidence was presented regarding Jeremy's ability to support himself. Kyle instituted the WCSEA review by reporting to them that Jeremy could support himself. Camilla responded that he was attending classes at Wright State University, uses a scooter to get around campus, and is transported by a specially equipped van. Camilla also pays for a personal assistant to aid him during the week. Camilla stated that Jeremy is not capable of supporting himself.
 {¶ 21} Although Jeremy has coverage for some expenses through Medicaid, no evidence was presented that he has income from any source other than his parents or whether he might qualify for Social Security disability benefits. No evidence was presented as to whether Camilla's health insurance would cover Jeremy, the cost of such insurance, or why Kyle should not be required, pursuant to the original order, to continue providing such insurance. No testimony or information was elicited from Jeremy himself, who was not even present for the hearing. No evidence was presented concerning Jeremy's medical condition or its effect on his ability to become employed, even after graduation. In sum, the hearing simply did not provide sufficient information to support the changes and orders issued by the trial court. Therefore, we conclude that the trial court erred in determining that Kyle's child support obligation should end in June 2004, and in ending Kyle's responsibility for providing health insurance coverage for Jeremy.
 {¶ 22} Accordingly, Camilla's two assignments of error are well-taken.
 {¶ 23} Upon consideration, we find that substantial justice was not done the party complaining. The judgment of the Williams County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
Judgment Reversed.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J. and Judith Ann Lanzinger, J., concur.