OPINION
{¶ 1} Bradley Blacker appeals from a judgment extending hisduty to support his child beyond the age of majority. He contendsthat the trial court lacked jurisdiction to extend his duty topay child support, and that the court abused its discretion infinding that his son is unable to support himself as the resultof mental or physical disabilities.
 {¶ 2} We find that the trial court did not lack jurisdiction,the court having vacated its prior order of emancipation pursuantto Civ.R. 60(B)(5). Neither do we find that the trial courtabused its discretion when, on the record before it, the courtcontinued Defendant-Appellant's duty of support on a finding thatthe child's disabilities justified continued support.
 {¶ 3} Bradley and Scelese Blacker were granted a final decreeof divorce on December 4, 1985. Bradley was ordered to pay childsupport for the parties' minor son, Heath, who was born on March8, 1984. Heath has since been diagnosed with AttentionHyperactivity Disorder, a speech impairment, somaticabnormalities, motor coordination deficits, hearing deficits,hyperoptic estropia, hypertextensibility, and learningdisorders.
 {¶ 4} On March 19, 2002, the trial court filed a noticeindicating its intent to deem Heath emancipated as of June 8,2002, shortly after his eighteenth birthday. On April 18, 2002,Scelese Blacker submitted a response form in which she allegedthat Health was not due to graduate from high school until 2004,and that Heath was not yet nineteen years old. Scelese Blackerfurther checked a portion of the response form indicating that"child is mentally or physically handicapped and is incapable ofsupporting or maintaining himself/herself." The trial courtthereafter vacated its emancipation notice on April 26, 2002.
 {¶ 5} In early June of 2002, Bradley Blacker provided thecourt with documentation showing that Heath did in fact graduateon June 1, 2002. On June 13, 2002, the trial court filed an orderand entry emancipating Heath.
 {¶ 6} On June 20, 2002, Scelese Blacker sent a letter to thecourt stating that Heath should not have been emancipated due tohis mental and physical disabilities. On July 1, 2002, a noticeof mistake of fact hearing was filed by the court. On July 29,2002, the mistake of fact hearing was held. On August 13, 2002,the magistrate issued an order finding Heath disabled. Themagistrate set an additional hearing on the issue of whetherHeath could support himself.
 {¶ 7} On August 15, 2002, Bradley Blacker filed a motion todismiss and objections to the magistrate's order. He argued that,in view of the previous unappealed emancipation order, the trialcourt lacked jurisdiction to order continued support.
 {¶ 8} On September 16, 2002, the trial court overruled BradleyBlacker's motion to dismiss and his objections to themagistrate's findings. It then vacated its June 13, 2002 order ofemancipation.
 {¶ 9} An additional hearing was held on September 19, 2002.The magistrate thereafter filed a decision and permanent orderfinding that Heath was not emancipated. Bradley Blacker filedobjections to the magistrate's decision.
 {¶ 10} On July 28, 2003, the trial court filed its decisionand entry overruling Bradley Blacker's objections. It found thatHeath was not emancipated and ordered Bradley Blacker's supportobligations to continue, at the same rate of $216.67 per month.
 {¶ 11} Bradley Blacker filed a timely appeal and presents twoassignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 12} "The trial court lacked jurisdiction to reconsider itsjune 13, 2002 entry and order emancipating the parties' minorchild, heath."
 {¶ 13} Bradley Blacker relies on Pitts v. Dept. of Transp.
(1981), 67 Ohio St.2d 378, which held that a motion for reconsideration of a final judgment is a nullity because it is not one of the procedures prescribed by the Civil Rules for obtaining that relief. Pitts relied on the last sentence of Civ.R. 60(B), which states: "The procedure for obtaining any relief from a judgment shall be by motion as prescribed by these rules." Obviously, and as Pitts acknowledged, Civ.R. 60(B) is one of those rules. The court's own errors or omissions are grounds for relief under Civ.R. 60(B)(5). State ex rel. Gyurcsikv. Angelotta (1977), 50 Ohio St.2d 345.
{¶ 14} In overruling Bradley Blacker's motion to dismiss forlack of jurisdiction, the trial court found:
 {¶ 15} "Pursuant to timely objections filed by [Scelese Blacker] to a Notice and Order of Emancipation, a mistake of fact hearing should have been conducted prior to the issuance of an entry and order emancipating the minor child. The evidentiary hearing is required to establish whether the child is a disabled child pursuant to Castle v. Castle (1984), 15 Ohio St.3d 279
and therefore not eligible for emancipation." The trial court then vacated its entry and order emancipating Heath and set an evidentiary hearing to determine if Heath was in fact a Castle
child. The record shows that on June 20, 2002, only seven days after the trial court's order and entry emancipating Heath, Scelese Blacker sent a letter alleging that Heath should not have been emancipated due to his mental and physical disabilities. In doing so, Scelese alerted the trial court to the fact that it had failed to conduct an evidentiary hearing to establish whether Heath is a disabled child pursuant to Castle prior to emancipating him. Scelese Blacker had so alleged in her April 18, 2002 response to the trial court's notice of its intention to find that Heath was emancipated. The trial court interpreted Scelese Blacker's June 20, 2002 letter to be a Civ. R. 60(B) motion. The trial court should not have emancipated Heath without holding an evidentiary hearing to determine whether Heath qualified as a Castle child. This error justifies relief under the Civ.R. 60(B)(5) "other reason" clause. State ex rel.Gyurcsik. The trial court properly granted relief pursuant to that rule, restoring its jurisdiction to determine whether support should continue. The trial court did not lack jurisdiction to proceed on Scelese Blacker's claim for continued support.
{¶ 16} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 17} "The trial court erred in determining that heathblacker is unable to support himself as the result of mental orphysical disabilities and that, therefore, bradley blacker's dutyto support heath must continue beyond heath's majority"
 {¶ 18} An appellate court may reverse a child support order on a finding of abuse of discretion. Shanyfelt v. Shanyfelt
(1997), 118 Ohio App.3d 243, 246. An abuse of discretion connotes more than an error of law or judgment, but rather implies that a decision is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 19} The common law duty imposed on parents to support their minor child terminates when the child is emancipated upon reaching the age of majority. However, the duty may continue beyond the age of majority if the child is unable to support himself due to mental or physical disabilities which existed before he or she attained the age of majority. Castle v.Castle. The domestic relations court retains jurisdiction over parties in a divorce, dissolution or separation proceeding to continue or to modify support payments for a mentally or physically disabled child who was so disabled before he or she attained the statutory age of majority, as if the child were still an infant. Id. at paragraph two of the syllabus.
 {¶ 20} We have previously found that a child who was developmentally impaired since birth and had graduated from high school was a Castle child even though she was making progress towards self sufficiency. Johnson v. Johnson (June 8, 1990), Mont. App. No. 11779.
{¶ 21} The trial court reviewed the transcript of thetestimony before the magistrate and concluded that, while Heathis making progress towards self sufficiency, "he is not able tosupport himself at this time." (Decision and Judgment at 4.)Accordingly, the trial court ordered Bradley Blacker to continuepaying child support until the court determines that Heath isable to support himself.
 {¶ 22} The trial court's decision states in part:
 {¶ 23} "Based on the testimony and evidence admitted at trial,the Court finds that Heath is developmentally impaired sincebirth due to a brain abnormality. At the September 19, 2002hearing, [Scelese Blacker] introduced correspondence from theMiami County Board of Mental Retardation and DevelopmentDisabilities ("MMRD") dated July 30, 2002. Plaintiff Exhibit 2.In that Exhibit, MMRD refers to an evaluation conducted in 1999by Dr. Robert Hardman which states that the child suffers frombrain damage. The letter further states that MMRD administeredthe Ohio Eligibility Determination Instrument to measuresubstantial functional limitations of the child. PlaintiffExhibit 1. Heath was determined to have limitations in six ofseven specific areas. Those area include mobility, receptive andexpressive language, self care, self direction, capacity forindependent living, and economic self sufficiency. The exhibitswere admitted into evidence without objection.
 {¶ 24} "The parties testified that Heath graduated from highschool in June 2002. He passed the state proficiency tests.However, the tests were not timed and were administered in anindividualized setting. He was allowed to have questions orallyread to him. Heath passed the test for a `special education'student.
 {¶ 25} "Heath presently lives with [Scelese Blacker]. Ondirect examination by the Court, [she] testified that it would bevery difficult for Heath to live by himself. He must be remindedevery morning to care for his personal hygiene. He has limitedability to prepare breakfast but could not prepare his owndinner. He is not able to provide his own transportation. Hecannot set the alarm clock in order to get to work timely.[Scelese Blacker's] testimony was unrefuted.
 {¶ 26} "The court finds that Heath is currently employed, fulltime, as a bagger at Krogers. The Miami County Board ofVocational Rehabilitation assisted in finding and training Heathfor the job. The Board first sought potential employmentopportunities for Heath, met with the employer and discussedHeath's limitations. They then asked Heath if he would beinterested in the position. [Scelese Blacker] testified thatdoctors have restricted Heath from stocking duties because he istoo uncoordinated as a result of his brain damage. This testimonywas unrefuted by Bradley Blacker.
 {¶ 27} "* * *
 {¶ 28} "In the instant case, the Court finds that Heathsuffers from neurological brain damage. He has significant mentaland physical disabilities. Even though he has graduated from highschool and is employed, albeit as a grocery store bagger, he isnot able to support himself at this time, The court finds thatHeath is making progress toward self-sufficiency. . . . Untilthat time, child support shall continue subject to further orderof this Court." (Decision and Judgement, 3-4.)
 {¶ 29} The issue the court was required to determine was whether Bradley Blacker's duty of support should continue after his child had reached his majority and graduated from high school. Per Castle, the court was required to find that the child disabilities are sufficiently profound to impair his capacity to support himself, that they existed before he reached the age of majority, and that the obligor is able to provide such support.
{¶ 30} Bradley Blacker doesn't argue that he is unable to pay.Neither is it disputed that Heath's disabilities existed longbefore he reached the age of majority. Bradley Blacker arguesthat Health's disabilities are not sufficient to prevent him fromsupporting himself.
 {¶ 31} We agree that Heath's disabilities are not as profound as the disabilities suffered by the child in Castle. Heath earns a modest income, and may be able to earn more as he grows in age and experience. However, and at this time, the record shows significant defects in relation to the needs that a self-sufficient life imposes, even for young persons of Heath's age. We cannot find that the trial court abused its discretion when it ordered Bradley Blacker's duty of support to continue; that is, that the court's attitude in the matter was unreasonable, arbitrary or unconscionable. Blakemore.
 {¶ 32} The second assignment of error is overruled.
 {¶ 33} Having overruled both of Bradley Blacker's assignmentsof error, we will affirm the decision of the trial court.
 Judgment affirmed.
 Brogan and Wolff, JJ., concur.