[Cite as *In re Palcisco*, 2012-Ohio-6134.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| GARY J. PALCISCO, | | |
| | : | |
| Petitioner-Appellant, | | **CASE NO. 2012-T-0031** |
| | : | |
| and | | |
| | : | |
| JAMIE L. PALCISCO, | | |
| | : | |
| Petitioner-Appellee. | | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 1999 DS 189.

Judgment: Affirmed.

*Thomas E. Schubert*, 138 East Market Street, Warren, OH 44481 (For Petitioner-Appellant).

*Anthony G. Rossi*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482, and *Deborah L. Smith*, Smith Law Firm, 109 North Diamond Street, Mercer, PA 16137 (For Petitioner-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Gary J. Palcisco, appeals the Judgment Order of the Trumbull County Court of Common Pleas, Domestic Relations Division, ordering him to pay child support/health care on behalf of his disabled adult child. The issue before this court is whether a trial court loses jurisdiction to make a child support order on behalf of a mentally or physically disabled adult child after the support provided for in the parties'

dissolution agreement lapses. For the following reasons, we affirm the decision of the court below.

{¶2} On June 9, 1999, Gary Palcisco's marriage to defendant-appellee, Jamie L. Palcisco, was terminated by a Decree of Dissolution. According to the Amended Separation Agreement, Jamie was awarded custody of the parties' minor child (d.o.b. 12/15/1991) and Gary was ordered to pay child support, with the court having "continuing jurisdiction over child support."

{¶3} On February 4, 2009, the domestic relations court approved an Administrative Order of the Trumbull County Child Support Enforcement Agency (CSEA), modifying the child support order. The Administrative Order contained the following provision: "The duty of support imposed pursuant to this order shall continue beyond the child's eighteenth birthday only if the child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday. The order shall not remain in effect after the child reaches age nineteen."

{¶4} On January 19, 2011, Jamie filed a Motion with the domestic relations court, asking the court "to reestablish child support pursuant to Section 3119.86 of the Ohio Revised Code." Jamie stated that the child in question "is physically disabled and incapable of supporting or maintaining himself," and that court ordered child support "was terminated on December 15, 2010."

{¶5} On October 18, 2011, the domestic relations court entered a Judgment Order, finding that it retained jurisdiction to order child support: "This court finds that the child Zachary although over the age of majority is not emancipated. His disability

2

prevents him from ever reaching the status of emancipation. He remains a minor and the Domestic Court retains jurisdiction over child support regardless of a guardianship established in Probate Court."

{¶6} On March 19, 2012, the domestic relations court entered a final order, overruling the parties' objections and adopting all prior Magistrate's Decisions, determining child support, insurance, and tax dependency allocation issues.

{¶7} On April 4, 2012, Gary filed a Notice of Appeal. On appeal, Gary raises the following assignments of error:

{¶8} "[1.] The Trumbull County Court of Common Pleas Division of Domestic Relations ("domestic relations court") erred to the prejudice of Petitioner/Appellant when it wrongly claimed the power anew to order Petitioner/Appellant to pay child support for his adult-aged child who is disabled, after any jurisdiction of the domestic relations court to order Petitioner/Appellant to pay child support terminated pursuant to R.C. 3119.86(B) and (C), and no such jurisdiction exists pursuant to R.C. 3119.86(A), which by its terms is limited to the [continuation] of jurisdiction that is in existence; not terminated."

{¶9} "[2.] The Trumbull County Court of Common Pleas Division of Domestic Relations ("domestic relations court") erred to the prejudice of Petitioner/Appellant when it made a child support order and other orders when it was without jurisdiction [to] do so. All acts of the domestic relations court made when it was without jurisdiction are utterly void."

{¶10} The issues of a court's subject-matter jurisdiction in a particular case is a question of law, which is reviewed under a de novo standard. *Burns v. Daily*, 114 Ohio App.3d 693, 701, 683 N.E.2d 1164 (11th Dist.1996).

{¶11} A domestic relations court's continuing jurisdiction to order child support beyond a child's eighteenth birthday is set forth in R.C. 3119.86:

(A) Notwithstanding section 3109.01 of the Revised Code, both of the following apply:

(1) The duty of support to a child imposed pursuant to a court child support order shall continue beyond the child's eighteenth birthday only under the following circumstances:

(a) The child is mentally or physically disabled and is incapable of supporting or maintaining himself or herself.

(b) The child's parents have agreed to continue support beyond the child's eighteenth birthday pursuant to a separation agreement that was incorporated into a decree of divorce or dissolution.

(c) The child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday.

(2) The duty of support to a child imposed pursuant to an administrative child support order shall continue beyond the child's eighteenth birthday only if the child continuously attends a

recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday.

(B) A court child support order shall not remain in effect after the child reaches nineteen years of age unless the order provides that the duty of support continues under circumstances described in division (A)(1)(a) or (b) of this section for any period after the child reaches age nineteen. An administrative child support order shall not remain in effect after the child reaches age nineteen.

(C) If a court incorporates a separation agreement described in division (A)(1)(b) of this section into a decree of divorce or dissolution, the court may not require the duty of support to continue beyond the date the child's parents have agreed support should terminate.

{¶12} Gary asserts, and we agree, that Sections (B) and (C) do not apply in the present circumstances. At the time the child reached the age of majority, there was no provision in the parties' separation agreement or any court support order for the continuance of support due to the child's mental or physical disability. If the domestic relations court possessed jurisdiction to order Gary to pay support, it did so pursuant to Section (A). We note, however, according to Section (B), that a "court child support order" may provide for the continuance of support under the circumstances described in Section (A), whereas an "administrative child support order" must terminate when the child reaches age nineteen. Accordingly, the CSEA Administrative Order, approved by the domestic relations court on February 4, 2009, was not a recognized means of

5

extending support beyond the child's nineteenth birthday. If the circumstances in Section (A) apply, that determination must be made in a court child support order.

{¶13} Gary maintains that Section (A) does not apply because the language "support order shall continue" indicates "that a child support order must be *in existence* on the child's eighteenth birthday in order to *continue* in existence." In the present case, the child's support order terminated on his nineteenth birthday and, therefore, there was no order to continue. According to Gary, "R.C. 3119.86(A) does not grant a domestic relations court whose jurisdiction has terminated pursuant to R.C. 3119.86(B) or (C), the ability to claim power anew on behalf of any adult-aged child."

{¶14} We are aware of no Ohio cases addressing this precise situation. However, there are several cases addressing a substantially similar situation, i.e., where the marriage terminates after the mentally or physically disabled child has reached the age of majority. In these cases, it has been argued that the domestic relations court cannot acquire jurisdiction over the disabled child, since the child was over the age of eighteen at the time the divorce proceedings were initiated. The cases are similar to the present case in that the disabled children for whom support was sought were past the age of majority and no support order was in place to be continued, according to Gary's interpretation of R.C. 3119.86(A).

{¶15} In *In re Edgell*, 11th Dist. No. 2009-L-065, 2010-Ohio-6435, this court found no impediment to the domestic relations court exercising jurisdiction over a disabled adult child, despite the lack of a prior support order during the period of the child's minority. This court relied on the Ohio Supreme Court's holding, that "[t]he domestic relations court retains jurisdiction over parties in a divorce, dissolution or

6

separation proceeding to continue or to modify support payments for a mentally or physically disabled child, who was so disabled before he or she attained the statutory age of majority, *as if the child were still an infant.*" (Emphasis added.) *Id.* at ¶ 29, quoting *Castle v. Castle*, 15 Ohio St.3d 279, 473 N.E.2d 803 (1984), paragraph two of the syllabus.

{¶16} Developing the idea that a disabled adult child remains, in a legal sense, a minor, this court noted that R.C. 3109.01, which defines persons as "of full age" if they have reached the age of eighteen and are "under no legal disability," "reflects the principle that mentally or physically disabled children should be excepted from a strictly age-based emancipation rule." *Id.* at ¶ 35. This court also cited to section 2131.02 from Title 21 of the Revised Code, establishing the probate court system, for the definition of "legal disability" as being "of unsound mind," and to R.C. 1.02(C) for the definition of "unsound mind" as including "all forms of mental retardation." *Id.*

{¶17} In ruling as it did in *Edgell*, this court was following the precedents set by the Sixth Appellate District in *Wiczynski v. Wiczynski*, 6th Dist. No. L-05-1128, 2006-Ohio-867, ¶ 23 (the adult child, "as one undisputedly unable to support himself due to his mental retardation, was properly found by the trial court as never having reached the 'age of majority' as defined at R.C. 3109.01"), and the Seventh Appellate District in *Abbas v. Abbas*, 128 Ohio App.3d 513, 517, 715 N.E.2d 613 (7th Dist.1998) ("[b]y granting custody of [the child], age twenty-five at the time, to appellant, the court was essentially asserting that [the child] had not reached the 'age of majority'") .

{¶18} The opposite conclusion was reached by the Tenth Appellate District in *Geygan v. Geygan*, 10th Dist. No. 11AP-626, 2012-Ohio-1965, which disapproved of

7

the *Edgell* and *Wiczynski* courts "borrow[ing] a definition from probate law to expand the jurisdiction of the domestic relations court." *Id.* at ¶ 15.

**{¶19}** Instead, the Tenth District interpreted the language in R.C. 3119.86, that the duty to support a child may extend "beyond the child's eighteenth birthday," as suggesting the General Assembly "recognized that for purposes of child support a child is normally considered to be 'of full age' when he turns 18 and, therefore, beyond the domestic relations court's jurisdiction." *Id.* at ¶ 16. The court further noted the General Assembly's use of the words "continue" and "beyond," and concluded that it "very easily could have deleted these words and stated simply that child support may be imposed for a child who is over the age of 18 and is mentally or physically disabled and incapable of supporting or maintaining himself or herself," but "[i]t did not." *Id.* at ¶ 17.

**{¶20}** Subsequent to *Geygan*, the Twelfth Appellate District in *Donohoo v. Donohoo*, 12th Dist. Nos. CA2011-11-080 and CA2011-11-081, 2012-Ohio-4105, considered the issue and chose to follow *Edgell* and *Wiczynski*, rather than the "strict textual analysis" of *Geygan*.

> The statute merely codified the Ohio Supreme Court's decision that the moral and legal obligation to support disabled children *does not stop* simply because the disabled child turns 18, as do traditional support orders regarding children with no disabilities. Nor do we believe that the statute was written in such a way as to create two distinct classes of disabled children, those who did not turn 18 before their parents' divorce and therefore are entitled to support, and those who just happened to turn 18 after the divorce and therefore are not entitled to support. Hinging a

8

disabled person's entitlement to support, regardless of the need, upon the

timing of the divorce makes no sense.

(Emphasis sic.) *Id.* at ¶ 17.

{¶21} Considering these precedents in the context of the unique fact pattern before us, we find the line of authority represented by this court's decision in *Edgell* to be persuasive.

{¶22} The text of R.C. 3119.86(A) does not support Gary's contention that a support order must be in existence to be continued beyond the child's eighteenth birthday. Rather, the statute states that it is the "duty of support," not the support order itself, that "shall continue" where the "child is mentally or physically disabled." The existence of Gary's duty to support the disabled child during the period of his minority is undisputed, as is the fact that this duty to support existed irrespective of a child support order. Accordingly, the lack of a support order poses no impediment to the continuation of Gary's duty to support, which is only conditioned upon the child's disability.

{¶23} It follows that if the duty to support continues, then so does the domestic relations court's jurisdiction to order child support. This conclusion is supported by the Ohio Supreme Court's decision in *Castle*, of which R.C. 3119.86(A) is widely recognized to be a codification. *See Yost v. Yost*, 4th Dist. No. 02CA2852, 2003-Ohio-3754, ¶ 10. In *Castle*, the Supreme Court recognized a common-law duty imposed on parents to support disabled children beyond the age of majority. The Court described this duty as a "principle of [the] natural law," and "an obligation * * * laid on them not only by nature herself, but by their own proper act, in bringing them into the world: * * * By begetting them, therefore, they have entered into a voluntary obligation to endeavor, as far as in

9

them lies, that the life which they have bestowed shall be supported and preserved." (Citation omitted.) *Castle*, 15 Ohio St.3d at 282, 473 N.E.2d 803.

**{¶24}** The court expressly linked the existence of the duty to the jurisdiction of the domestic relations court: "If there does exist a common-law duty to support a disabled child, who was so disabled before he or she attained the statutory age of majority, then the domestic relations court retains jurisdiction over parties in a divorce, dissolution, or separation proceeding to modify the support payments for that child as if the child were still an infant." *Id.* at 281.

**{¶25}** Contrary to Gary's position, nothing in this language suggests that a parent's duty to support a disabled child, or the domestic relations court's jurisdiction to make support orders, terminates in the absence or lapse of a current support order. If such occurrences do not terminate the court's jurisdiction in the case of infants, it should not terminate the court's jurisdiction of children "as if the child were still an infant." Rather, the Supreme Court in *Castle* affirms that "[t]he obligation to support such a child ceases *only when the necessity for support ceases.*" (Emphasis added.) *Id.* at 282, citing *Davis v. Davis*, 246 Iowa 262, 266, 67 N.W.2d 566 (1954).

**{¶26}** In the present case, the parties have stipulated to the ongoing need for support, and, thus, Gary's duty to provide support continues as does the domestic relations court's jurisdiction. The first assignment of error is without merit.

**{¶27}** In the second assignment of error, Gary argues the domestic relations court's orders regarding support, insurance, and tax dependency are void, since the court was without jurisdiction to enter such orders with respect to an adult-aged child.

As discussed above, the domestic relations court did have jurisdiction over the adult child in light of his pre-existing disability and, so, its support orders are valid.

**{¶28}** The second assignment of error is without merit.

**{¶29}** For the foregoing reasons, the Judgment Order of the Trumbull County Court of Common Pleas, Domestic Relations Division, asserting its jurisdiction over the parties' disabled child, and all subsequent Orders concerning support, insurance, and tax dependency, are affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.