[Cite as *C.S. v. R.S.*, 2021-Ohio-3581.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| C.S. (NKA T.) | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| R.S. | : | Case No. 2021 CA 00008 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 09 DR 569


JUDGMENT:     Affirmed in Part, Reversed in Part, and Remanded


DATE OF JUDGMENT:     October 4, 2021


APPEARANCES:

For Plaintiff-Appellee

COLLEEN THOMAS, PRO SE
18 Robanette Court
Fort Thomas, KY  41075

Guardian ad Litem

LORA H. CLEARY
830 East Johnstown Road
Suite B

For Defendant-Appellant

EUGENE B. LEWIS
JACOB W. SMITH
MEREDITH W. SHELL
65 East State Street
Suite 1000
Columbus, OH  43215

Gahanna, OH  43230
*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, R.S., appeals the February 8, 2021 judgment entry of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, granting the motion to dismiss filed by Plaintiff-Appellee, C.S., nka T., and dismissing his motion to modify parental rights and responsibilities.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   The parties were married in 2006.  In 2007, they adopted two children from the Ukraine, L. and V.  During the adoption process, L.'s birthdate was changed from June 21, 2001, to June 21, 2002.  V.'s birthdate was changed from May 27, 2002, to May 27, 2003.  The parties were granted a divorce on January 24, 2014, and the decree reflected the amended birthdates.  Appellee was named residential parent and legal custodian of the children.  The trial court reserved jurisdiction to determine child support beyond the age of majority given the children's disabilities since birth.

{¶ 3}   On October 25, 2019, appellant filed a motion to modify parental rights and responsibilities, making a general claim of "a substantial change in circumstances since the last parenting decree" without mentioning any specifics.

{¶ 4}   On September 22, 2020, appellee filed a motion to dismiss appellant's motion.  Appellee argued the trial court lacked jurisdiction because V. was over the age of eighteen.  In May of 2020, V. had initiated an action in the Fairfield County Probate Court and had her birth certificate amended to reflect her biological birthdate of May 27,

2002.  Therefore, V. had turned eighteen on May 27, 2020.  The amended birth certificate was journalized by the probate court on July 28, 2020.[1]

{¶ 5}   By judgment entry filed February 8, 2021, the trial court determined V.'s birthdate to be May 27, 2002, found it lacked jurisdiction over the issue of custody following the reasoning of *Geygan v. Geygan,* 10th Dist. Franklin No. 11AP-626, 2012-Ohio-1965, 973 N.E.2d 276, and granted appellee's motion to dismiss appellant's motion to modify parental rights and responsibilities.

{¶ 6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 7}   "THE TRIAL COURT ERRED IN FINDING THAT APPELLEE WAS NOT BARRED FROM LITIGATING [V.]'S BIRTHDATE BY THE DOCTRINE OF *RES JUDICATA*."

II

{¶ 8}   "THE TRIAL COURT ERRED IN APPLYING THE *GEYGAN* RULING TO DETERMINE THE DOMESTIC RELATIONS COURT LACKED JURISDICTION TO ALLOCATE PARENTAL RIGHTS AND RESPONSIBILITIES OF THE PARTIES AS TO [V.]."

III

---

[1]No mention is made of L., presumably because that child had turned eighteen under either birthdate.  Although appellant included L. in his October 25, 2019 motion to modify parental rights and responsibilities, L. was not mentioned in any subsequent filings and/or arguments: his October 14, 2020 memorandum contra to motion to dismiss, his October 27, 2020 response in opposition to supplemental memorandum on motion to dismiss, and his May 7, 2021 appellate brief.

{¶ 9}   "THE TRIAL COURT ERRED IN FINDING [V.] HAD REACHED THE 'AGE OF MAJORITY' UNDER OHIO LAW WITHOUT A DETERMINATION OF WHETHER SHE WAS UNDER A 'LEGAL DISABILITY'."

IV

{¶ 10} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S MOTION TO MODIFY IN ITS ENTIRETY WITHOUT ISSUING A FINDING AS TO APPELLANT'S PAYMENT OF CHILD SUPPORT."

I

{¶ 11} In his first assignment of error, appellant claims the trial court erred in finding appellee was not barred by the doctrine of res judicata from litigating V.'s birthdate.  We disagree.

{¶ 12} Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶ 13} Appellant argues appellee never challenged or appealed the trial court's use of V.'s amended birthdate as listed in the 2014 divorce decree therefore, appellee cannot now litigate the issue.

{¶ 14} At the time of the filing of the divorce decree, V.'s birthdate according to her adoption birth certificate was May 27, 2003.  Following the decree of divorce, V. filed her own action in 2020 in the probate court and successfully amended her birth certificate to

reflect her biological birthdate, May 27, 2002.  The trial court was permitted to accept this new fact and find V.'s biological age to be eighteen as of May 27, 2020.

{¶ 15} As found by the trial court, we agree the issue of V.'s birthdate is not subject to the doctrine of res judicata.

{¶ 16} Upon review, we find the trial court did not err in finding appellee was not barred by the doctrine of res judicata from litigating V.'s birthdate.

{¶ 17} Assignment of Error I is denied.

II, III

{¶ 18} In his second assignment of error, appellant claims the trial court erred in applying the *Geygan* ruling to determine it lacked jurisdiction to modify parental rights and responsibilities as to V.

{¶ 19} In his third assignment of error, appellant claims the trial court erred in failing to determine whether V. was under a legal disability.

{¶ 20} We agree with the arguments under both assignments of error.

{¶ 21} To be clear, this is a case involving the modification of parental rights and responsibilities, *i.e.,* custody, not child support.  We note the holding of *Castle v. Castle,* 15 Ohio St.3d 279, 473 N.E.2d 803 (1984), paragraph two of the syllabus ("domestic relations court retains jurisdiction over parties in a divorce, dissolution or separation proceeding to continue or to modify support payments for a mentally or physically disabled child, who was so disabled before he or she attained the statutory age of majority, as if the child were still an infant"), its subsequent codification in R.C. 3119.86, and its progeny discussed below, mainly focuses on child support.

{¶ 22} In *Geygan v. Geygan,* 10th Dist. Franklin No. 11AP-626, 2012-Ohio-1965, 973 N.E.2d 276, our colleagues from the Tenth District noted this distinction at ¶ 19, and reasoned the following at ¶ 20-22:

> The law expressly provides that, in divorce actions and other proceedings pertaining to the allocation of parental rights and responsibilities for care of a child, the domestic relations court "shall allocate the parental rights and responsibilities for the care of the *minor children* of the marriage." (Emphasis added.) R.C. 3109.04. *See also* R.C. 3105.21(A) ("Upon satisfactory proof of the causes in the complaint for divorce * * * the court of common pleas shall make an order for the disposition, care, and maintenance of the children of the marriage, as is in their best interests, and in accordance with section 3109.04 of the Revised Code."). Similarly, R.C. 3109.04(D)(2) states that, "with respect to any child under eighteen years of age," if the domestic relations court finds that it is in the best interest of the child for neither parent to be designated as custodian, the court may commit the child to a relative or certify its findings to the juvenile court. By logical extension, the domestic relations court lacks jurisdiction to make a similar order for a child over the age of 18.

> Further, we note that the General Assembly has specifically provided for a structure of care and management for individuals with developmental disabilities, including guardianship and a system of protective service under the authority of the Department of Developmental Disabilities. *See* R.C.

Chapter 2111 and R.C. 5123.55 to 5123.59. If found necessary, R.C. 2111.02 requires the probate court to appoint a guardian "of the person * * * of a[n] * * * incompetent." Incompetent means any person who is "so mentally impaired as a result of a mental or physical illness or disability, or mental retardation * * * that the person is incapable of taking proper care of the person's self or property." R.C. 2111.01(D). In addition, the General Assembly has charged the Department of Developmental Disabilities with developing a statewide system of protective service. R.C. 5123.56. Protective service "means performance of the duties of a guardian, trustee, or conservator, or acting as a protector, with respect to a person with mental retardation or a developmental disability." R.C. 5123.55.

We do not find that, in enacting the domestic relation statutes relating to custody, the General Assembly intended to create a parallel structure or system for the care and management of adults with disabilities as it seems to have created in R.C. Chapter 2111 and R.C. 5123.55 to 5123.59. (Footnotes omitted.)

{¶ 23} In support of his position that the *Geygan* case does not control, appellant cites the cases of *Abbas v. Abbas,* 128 Ohio App.3d 513, 715 N.E.2d 613 (7th Dist.1998), and *Wiczynski v. Wiczynski,* 6th Dist. Lucas App. No. L-05-1128, 2006-Ohio-867.

{¶ 24} *Abbas* involved child support for a fully disabled adult child. At the time of the *Abbas* divorce, the child was twenty-five years old. The trial court had granted custody of the child to mother and determined it had no authority to order child support despite

the child's disabilities.   Thereafter, the Supreme Court of Ohio decided *Castle, supra.* Mother in *Abbas* then sought child support pursuant to *Castle,* but was ultimately denied because the trial court determined it was without jurisdiction to so order child support. The Seventh District in *Abbas* reversed, finding at 517, by granting custody of the child, age twenty-five at the time, to mother, the trial court "was essentially asserting" that the child had not reached the age of majority; therefore, the trial court maintained continuing jurisdiction over the child.  Because the trial court retained jurisdiction, it could order child support payments pursuant to *Castle*.

{¶ 25} In *Wiczynski,* the parties were granted a divorce, and custody of their twenty-nine-year-old disabled child was granted to mother and father was ordered to pay child support.  A few years later, father filed a motion to dismiss custody and support orders because the trial court lacked jurisdiction to so order.  The trial court disagreed, finding it had and continued to have jurisdiction.  On appeal, the Sixth District determined the trial court had jurisdiction to enter custody and support orders because the child had never reached the "age of majority."

{¶ 26} Both cases cited to R.C. 3109.01 which governs age of majority and states, "[a]ll persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes."  In analyzing "legal disability," the *Wiczynski* court at ¶ 22 looked to R.C. 2131.02, acknowledging, "although specifically applicable to probate matters, nevertheless aids in our analysis."  R.C. 2131.02 defines "legal disability" as being "of unsound mind" and  R.C. 1.02(C) defines "of unsound mind" as including "all forms of derangement or intellectual disability."

{¶ 27} Several other decisions after *Geygan* follow *Abbas* and *Wiczynski,* albeit these cases dealt with the issue of child support. *See, In re Edgell,* 11th Dist. Lake No. 2009-L-065, 2010-Ohio-6435, ¶ 39 (choosing to follow the reasoning of *Wiczynski* as being consistent with *Castle, Abbas,* and "the strong public policy of this state requiring parents to be financially responsible for their children who suffer from disabilities prior to reaching the chronological age of majority"); *Donohoo v. Donohoo,* 12h Dist. Clermont No. 09-10-2012, 2012-Ohio-4105, ¶ 18 (R.C. 3119.86 "does not foreclose the possibility that a domestic relations court could order a parent to provide child support for a disabled child that had already turned 18 by the time of his parents' divorce"); *In re Palcisco,* 11th Dist. Trumbull No. 2012-T-0031, 2012-Ohio-6134, ¶ 22-23 (R.C. 3119.86 "states that it is the 'duty of support,' not the support order itself, that 'shall continue' where the 'child is mentally or physically disabled.' * * * It follows that if the duty to support continues, then so does the domestic relations court's jurisdiction to order child support").

{¶ 28} In its February 8, 2021 judgment entry, the trial court analyzed all these cases, acknowledged they dealt with child support orders, and determined it agreed with the *Geygan* decision, finding "current law does not grant the domestic relations court jurisdiction to make custody and visitation orders for adult children with disabilities."

{¶ 29} While we understand the reasoning of *Geygan* and the trial court's reliance on the case, we are persuaded to follow the dictates of *Abbas, Wiczynski,* and their progeny. As noted by the *Wiczynski* court at ¶ 21, "R.C. 3109.01 defines the age of majority and, like the holdings in *Castle,* is reflective of the notion that mentally or physically disabled children should be excepted from a strictly age-based emancipation rule." R.C. 3109.01 specifically defines the age of majority as (1) persons of the age of

eighteen years or more, and (2) who are under no legal disability. The requirement of "no legal disability" cannot be ignored simply because the term is not specifically defined in R.C. Chapter 31. Looking to R.C. 2131.02 and 1.02(C) for guidance is not improper.

{¶ 30} Further, in the original divorce decree filed January 24, 2014, the trial court reserved jurisdiction over V. beyond the age of majority as discussed in ¶ 10:

> The evidence indicates that [V.] and [L.] have had disabilities since birth as set forth in the Findings of Fact and Conclusions of Law. The Court is unable to determine at this time whether [V.] and [L.] will be able to support themselves in the future, past their age of majority; therefore, the continuing jurisdiction of the Court to address the need for an ongoing support order past the age of majority, even post-emancipation for both children is reserved by the Court in accordance with in (sic) Castle v. Castle, 15 Ohio St.3d 279 (1984).

{¶ 31} We do not find the trial court's continuing jurisdiction is limited to the issue of child support only.

{¶ 32} Because the trial court relied on *Geygan* and found it did not have jurisdiction, it did not determine whether V. is under a legal disability. Given our decision that the trial court does have jurisdiction to determine custody in this case if V. is found to be under a legal disability, it must make a determination as to legal disability.

{¶ 33} Upon review, we find the trial court erred in applying the *Geygan* ruling to determine it lacked jurisdiction to modify parental rights and responsibilities as to V., and erred in failing to determine whether V. was under a legal disability.

{¶ 34} Assignments of Error II and III are granted.

IV

{¶ 35} In his fourth assignment of error, appellant claims the trial court erred in dismissing his motion to modify parental rights and responsibilities without issuing a finding as to his child support payment.  We disagree.

{¶ 36} In his appellate brief at 18, appellant argues in his October 25, 2019 motion to modify parental rights and responsibilities, he also asked the trial court to determine responsibility for child support.  Nowhere in the motion did appellant make such a request. The motion moved the trial court "for a modification of the allocation of parental rights and responsibilities for the care of the parties' minor children, L.S. (born June 12, 2002) and V.S. (born May 27, 2003) for the reason set forth below."  The entire text of the memorandum in support is as follows: "There had been a substantial change in circumstances since the last parenting decree.  The best interests of the minor children will be served by Defendant being designated the residential parent and sole legal custodian of the minor child.  Defendant will present additional information at hearing on this matter."

{¶ 37} We do not find that a request for a determination on child support was properly before the trial court.

{¶ 38} Assignment of Error IV is denied.

{¶ 39} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed in part and reversed in part, and the matter is remanded for further consideration consistent with this opinion.

By Wise, Earle, J.

Baldwin, P.J. and

Gwin, J. concur.


EEW/db