[Cite as *A.C. v. V.G.*, 2011-Ohio-6285.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96759

## A.C.

PLAINTIFF-APPELLANT

vs.

## V.G., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas

Juvenile Division
Case No.   SU 97770059

**BEFORE:**   Boyle, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   December 8, 2011

**FOR APPELLANT**

A.C., pro se
199 Grand Boulevard
Bedford, Ohio   44146

**FOR APPELLEE**

V.G., pro se
6 Sheraton Road
Randallstown, Maryland 21133

**ATTORNEY FOR APPELLEE, STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor
BY:   Joseph C.   Young
Assistant Prosecuting Attorney
Cuyahoga Support Enforcement Agency
1910 Carnegie Avenue, 2nd Floor
Cleveland, Ohio   44115

MARY J. BOYLE, P.J.:

{¶ 1}   Appellant-obligee, A.C. (mother), appeals from the judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, that adopted the recommendation of the appellee-Cuyahoga County Child Support Enforcement Agency ("the agency"), finding that (1) child support for V.G. Jr. shall terminate because the child had turned 18 on September 29, 2009; and

(2) an overpayment exists in the amount of $3,262.83 as of September 28, 2010. A.C. argues that the trial court abused its discretion in failing to consider her objections to the agency's findings and failed to recognize that her son was still entitled to child support. Finding no merit to the appeal, we affirm.

## Procedural History and Facts

{¶ 2} On September 3, 2010, the agency notified both obligee-A.C. and the obligor-V.G. (father) that its records revealed that the support order for V.G. Jr. shall terminate on his eighteenth birthday unless proper documentation was submitted evidencing that he is "continuously attending, on a full-time basis, any recognized and accredited high school." No documentation was provided, and the agency subsequently recommended that child support should be terminated. Upon A.C.'s request, the agency conducted an administrative termination hearing on November 23, 2010 to determine whether the findings and recommendations to terminate the court child support order issued by the agency on October 14, 2010 contained a mistake. A.C., however, failed to appear for the hearing.

{¶ 3} On December 21, 2010, the agency issued an "Administrative Termination Hearing Decision," finding that, despite requesting a hearing to dispute the agency's earlier recommendation to terminate child support, A.C. failed to appear for the hearing. The administrative hearing officer further

found that the agency's recommendation to terminate court-ordered child support was correct. As for A.C.'s right to another hearing on the matter, the decision contained the following advisement:

{¶ 4} "The Obligee or Obligor may object to the Administrative Termination Hearing Decision within 30 days after the issuance of the Administrative Termination Hearing Decision by filing a motion requesting a determination as to whether the child support order and medical support provisions should be terminated or whether any other appropriate determination regarding the Court Order should be made. The motion should be filed in the court that issued the Order or other court with jurisdiction under [R.C.] 2102.022 or 2301.03 * * * of the county in which the Court that issued the order is located.

{¶ 5} "If neither the Obligee nor Obligor files a motion to object to the Administrative Termination Hearing Decision within the 30 day period, the Administrative Termination Hearing Decision is final and will be filed with the Court."

{¶ 6} Thirty-one days later, on January 21, 2011, A.C. filed her objection to the "Administrative Termination Hearing Decision," arguing that she had provided an agency representative with documentation that her son was attending an accredited high school and therefore still entitled to child

support. A.C. disputed that there was any overpayment and requested another hearing.

**{¶ 7}** On April 4, 2011, the juvenile court adopted the "Administrative Termination Hearing Decision," thereby finding that there was an overpayment and that V.G. was no longer required to pay child support.

**{¶ 8}** A.C. appeals, raising two assignments of error:

**{¶ 9}** "I. The court of common pleas juvenile division decision to adopt the CSEA recommendations and findings without acknowledgment of motion of objection filed.

**{¶ 10}** "II. The court of common pleas juvenile division decision to not recognize the state law therefore constitutes an abuse of discretion."

**{¶ 11}** Because these are related, we will address A.C.'s two assignments of error together.

### Untimely Objections

**{¶ 12}** In her two assignments of error, A.C. argues that the trial court abused its discretion in failing to consider her objections and by adopting the agency's recommendation without first having a hearing. She contends that there was no overpayment of child support because her son was still attending an accredited high school and had not yet graduated. We find her arguments, however, unpersuasive.

{¶ 13} Under R.C. 3119.92, A.C. would have been entitled to a hearing if she had filed her objections within 30 days from the date of the agency's termination decision. The statute provides:

{¶ 14} "If the obligor, the obligee, or both file a motion as described in section 3119.91 of the Revised Code within the thirty-day period, the court shall set the case for a hearing for a determination as to whether the support order should be terminated or whether the court should take any other appropriate action. On the filing of the motion, the court shall issue an order directing that the impoundment order issued by the child support enforcement agency regarding support amounts received for the child remain in effect while the motion is pending. If neither the obligor nor the obligee files a motion as described in section 3119.91 of the Revised Code within the thirty-day period, the administrative hearing decision is final and will be filed with the court or in the administrative case file."

{¶ 15} A.C.'s objections were not filed within the thirty-day period to trigger the hearing requirement under R.C. 3119.92. We therefore cannot say that the trial court erred in failing to hold a hearing.

{¶ 16} Similarly, while we recognize that R.C. 3119.86(A)(1)(c) expressly states that the duty of child support shall continue beyond the child's eighteenth birthday when the "child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth

birthday," A.C. failed to establish that her child met this criteria. Although A.C. asserted this argument in her objections filed on January 21, 2011, the argument was untimely. Indeed, the order of December 21, 2010, expressly stated that it would become final unless objections were filed within 30 days. We cannot say that the trial court abused its discretion in failing to consider A.C.'s argument when A.C. failed to comply with the time requirements for asserting such an argument.

{¶ 17} The record reveals that A.C. had multiple opportunities to submit the required documentation to authorize the continuation of child support payments. Aside from not submitting the documentation when requested in September 2010, she failed to appear for the hearing in December and then later failed to timely object to the administrative decision issued. Based on the record before us, we cannot say that the trial court abused its discretion in adopting the agency's administrative recommendations and findings.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

FRANK D.  CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR