[Cite as *Hess v. Ugorec*, 2021-Ohio-189.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

ANITA HESS

    Appellee

    v.

IGOR UGOREC

    Appellant

C.A. No.    29468

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2010-11-3228

DECISION AND JOURNAL ENTRY

Dated: January 27, 2021

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Igor Ugorec ("Father") appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, reinstating Father's child support obligation. For the reasons that follow, this Court reverses.

I.

{¶1} Anita Hess ("Mother") is the biological mother of S.H., born May 28, 1999. On November 3, 2010, when S.H. was eleven years old, Mother filed a complaint to establish a parent-child relationship naming Father as defendant and putative father of S.H.

{¶2} Mother and Father resolved the issues with an agreed entry, which the trial court approved and journalized on January 5, 2011. In the entry, the parties agreed that Father is the biological parent of S.H. Father agreed to pay child support to Mother, effective November 1, 2010, in the amount of $1,200.00 per month plus a 2% processing charge through the Summit County Child Support Enforcement Agency (the "CSEA"). Regarding the duration of the child

support, the parties agreed "that support shall continue so long as said child continuously attends on a full time basis a recognized and accredited high school as provided in R.C. 3103.03(B) until age 19; otherwise support shall terminate sooner if said child dies, marries, or becomes otherwise emancipated, whichever event occurs first." Mother and Father agreed that Mother would submit to Father an invoice to verify payment of S.H.'s school tuition and Father would reimburse Mother for 100% of the school tuition. Father agreed to pay 50% of Mother's marginal medical expenses and 50% of all medical bills for S.H., while Mother would maintain S.H. on her health insurance. Additionally, the parties agreed that the Summit County Domestic Relations Court would retain jurisdiction over the matter.

{¶3} On March 30, 2018, the CSEA sent a notice to the parties indicating that the agency was conducting an investigation to determine if the child support obligation for S.H. should stop due to her attaining age 19. The notice indicated that, subject to verification, the CSEA proposed that the support obligation should terminate on May 28, 2018. The notice advised the parties regarding the investigation procedure, the parties' rights to object to and request a hearing on the agency's conclusion, and the opportunity for the parties to provide any information in support of or in opposition to the proposed termination. The notice included a warning that "[i]f neither party objects to the CSEA decision, a termination order will be submitted to the court." Further, the notice contained a space to submit a response within 20 days, stating "If you have any information that would support or oppose this proposal to terminate, please explain below and attach any relevant documentation." Neither party submitted a response to the CSEA termination investigation notice.

{¶4} The CSEA completed its investigation to determine whether a reason existed to terminate the child support order. As a result of the investigation, the CSEA found, inter alia, that

the child support and medical support provisions for S.H. should terminate effective May 28, 2018, upon S.H. attaining age 19. The CSEA sent notice of its findings and recommendation to the parties on April 19, 2018. This notice also advised the parties of the right to request an administrative hearing to object to the findings and recommendation contained in the notice and cautioned that if no hearing was requested within 30 days of the parties' receipt of the notice, a revised child support order would be issued. The last page of the notice of findings and recommendation included a form to request an administrative hearing.

{¶5} Thereafter, the CSEA submitted a termination order to the domestic relations court in the case underlying this appeal. The CSEA informed the trial court that, as a result of its investigation pursuant to R.C. 3119.89(A), the child support obligation for S.H. shall terminate due to her reaching age nineteen. The CSEA advised the trial court that proper notice of the termination investigation and the results of the investigation had been sent to the parties, but the parties did not request an administrative hearing to object to the CSEA investigation results. The trial court, having reviewed the matter and the CSEA proceedings, approved and adopted the CSEA recommendation and, on June 4, 2018, entered judgment terminating the child support obligation for S.H. effective May 28, 2018.

{¶6} On August 24, 2018, Mother filed, pro se, in the domestic relations court, an objection and request for a court review of the administrative decision issued by the CSEA. Also on August 24, 2018, Mother filed post-decree motions requesting the following orders: (1) modification of child support, (2) child support arrearages, (3) health care arrearages, (4) attorney fees and costs, and (5) "continuation of child support order."

{¶7} The matter was set for a hearing on November 1, 2018, "to review the administrative determination by CSEA." At the November 1, 2018 hearing, the magistrate found

that Father had not been served with notice of the hearing and continued the matter to December 18, 2018, to hear both Mother's objection to the CSEA determination and her motion for modification of child support and related relief. At the hearing, Mother appeared, pro se, and testified that S.H. has a disability and will not be able to care for herself independently. Counsel appeared at the hearing on behalf of Father but presented no witnesses or evidence. At the conclusion of the hearing, the magistrate took the matter under advisement.

{¶8} On March 11, 2019, the trial court filed an order purporting to adopt and enter judgment on a February 28, 2019 magistrate's decision. Attached to this order is a magistrate's decision with findings of fact and conclusions of law regarding the matters heard and taken under advisement by the magistrate at the December 18, 2018 hearing.[1] In the March 11, 2019 order, the trial court denied the oral motion made by Father at the hearing requesting dismissal of Mother's objection and post-decree motions. The trial court adopted the magistrate's reasoning and concluded that the June 4, 2018 judgment terminating child support was not an impediment to the trial court's jurisdiction and that the trial court possessed authority to make a belated determination as to S.H.'s status and reinstate the child support order. The trial court concluded that S.H. is impaired or disabled and, due to her mental disability, unable to care for herself. Accordingly, the trial court granted Mother's motion to continue child support and reinstated Father's support obligation. The trial court overruled Mother's objection and her remaining motions.

---

[1] This February 28, 2019 magistrate's decision referenced by the trial court was not separately filed in the record and does not appear to have been served on the parties. *See* Civ. R. 53(D)(3)(a)(iii) ("A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, *filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed*. (Emphasis added.)).

{¶9}     Father filed objections to the magistrate's decision, which the trial court sustained in part and overruled in part.  In its June 13, 2019 judgment entry ruling on Father's objections to the magistrate's decision, the trial court ordered that Father's obligation to pay child support was reinstated effective August 24, 2018.

{¶10}   Father timely appealed the trial court's judgment and presented four assignments of error for our review.  For ease of analysis, we consolidate Father's first and second assignments of error.

II.

### Assignment of Error I

**The trial court erred by not dismissing Mother's motions and in reinstating child support less than one year after finding the child was emancipated.**

### Assignment of Error II

**The trial court erred in finding that the child was not emancipated in August 2018, after finding that child support was properly terminated on June 4, 2018, due to the child's emancipation.**

{¶11}   In his first assignment of error, Father argues that the trial court had no authority to grant Mother's request to modify a child support order after the order "had terminated and therefore no longer existed."  Father argues in his second assignment of error that the trial court lacked jurisdiction to reevaluate child support after S.H. was emancipated and child support was terminated through the trial court's judgment entry of June 4, 2018, and Mother did not move the court "for relief from judgment pursuant to Civ.R. 60(B)."

{¶12}   As an initial matter, we consider the appropriate standard of review.  Generally, an abuse of discretion standard is the appropriate standard of review in matters concerning child support.  *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989).  However, the issue here—a question as to the trial court's jurisdiction to modify or reinstate support for an emancipated child after the

support order is terminated by judgment entry—presents an issue of law, which this Court reviews de novo. *Kennedy v. Kennedy*, 9th Dist. Lorain No. 09CA009645, 2010-Ohio-404, ¶ 6.

{¶13} In Ohio, a parent's obligation to pay child support normally terminates when the child reaches the age of majority. *Greene v. Greene*, 9th Dist. Summit No. 18155, 1997 WL 679906, *3 (Oct. 22, 1997). "Age of majority" is defined as "[a]ll persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes." R.C. 3109.01. There are circumstances that may extend a parent's duty to pay child support beyond "the age of majority if the child is physically or mentally disabled to the extent of being incapable of maintaining * * * herself[.]" *Castle v. Castle*, 15 Ohio St.3d 279, 283 (1984).[2] R.C. 3119.86(A)(1) states that, R.C. 3109.01 notwithstanding, "[t]he duty of support to a child imposed pursuant to a court child support order shall continue beyond the child's eighteenth birthday" if "[t]he child is mentally or physically disabled and is incapable of supporting or maintaining himself or herself." R.C. 3119.86(A)(1)(a).

{¶14} Furthermore, parents may, as they have here, agree to extend the duty to support a child beyond the age of eighteen. *See* R.C. 3119.86(A)(1)(b). Mother and Father specified in the January 5, 2011 agreed entry that Father was obligated to pay child support so long as S.H. still attended high school or until she reached age 19. Mother acknowledges that the agreement gave no indication that S.H. was under any disability. Per the agreed entry in this case, Father's obligation to pay child support ended on S.H.'s nineteenth birthday: May 24, 2018. Although the agreement specified that the trial court retained jurisdiction over the matter, the reservation of

---

[2] The use of the phrase "*Castle* child" to refer to a disabled adult child stems from this Supreme Court of Ohio decision.

jurisdiction over the child support extended only to the terms of the agreement, which expressly terminated on S.H.'s nineteenth birthday.

{¶15} Administratively, the child support obligation ended when the CSEA completed its investigation and determined that the child support order for S.H. should terminate. *See* R.C. 3119.89, 3119.90, and 3119.91. In the instant case, the parties do not dispute that the applicable statutory procedures were followed. After completing its investigation, the CSEA issued notice to Mother and Father of its findings and recommendation that "[t]he child support and medical support provisions for [S.H.], born 05/28/1999, should terminate effective 05/28/2018 for the following reason: ATTAINING AGE 19." (Emphasis omitted.) Despite notice, Mother did not timely object to the CSEA's investigation results or request an administrative hearing. Moreover, Mother has not challenged the propriety of the trial court's June 4, 2018 order terminating child support; she did not argue that the CSEA erred in its findings or recommendation or that the trial court erred by terminating support. Thus, there is no question that the trial court acted appropriately and within its authority when, on June 4, 2018, it adopted the findings and recommendations of the CSEA as the order of the court and terminated the child support effective May 24, 2018.

{¶16} In reaching the conclusion it had authority to continue or reinstate the child support order post-termination, the trial court relied on the Eleventh District's decision in *Fenstermaker v. Fenstermaker*, 11th Dist. Trumbull No. 2014-T-0012, 2015-Ohio-5524. Under factually similar circumstances, the *Fenstermaker* court concluded that, although an obligor's "court-ordered obligation to pay child support had terminated when [the child] turned 18, this did not prevent a future order to pay support, as she was found to be a *Castle* child." *Id*. at ¶ 33. The *Fenstermaker* court held that "the domestic relations court's jurisdiction to order child support continued, even

in the absence of an existing support order." *Id.*; *contra A.C. v. V.G.*, 8th Dist. Cuyahoga No. 96759, 2011-Ohio-6285, ¶ 16 (concluding that a trial court does not abuse it discretion by declining to hold a hearing to determine the applicability of R.C. 3119.86(A)(1)(c) on an untimely objection to a CSEA's administrative recommendation to terminate a child support order).

{¶17} Here, the trial court found that it "retained jurisdiction over the matter" and pursuant to R.C. 3119.86 and the magistrate's review of the case, "it was determined that child support would continue due to [S.H.] being a *Castle* child." The trial court also cited the parties January 5, 2011 agreed entry as a basis for its jurisdiction despite the fact that the agreed entry specified that the child support obligation would terminate once S.H. turned nineteen. Additionally, the trial court found that R.C. 3119.86(A)(1)(a) provided it with the authority to exercise "continuing jurisdiction over [S.H.] as a result of [her] mental disability which occurred before she attained the statutory age of majority." The trial court further concluded that, because it ultimately found that S.H. is a *Castle* child, "filing deadlines did not apply in this particular case[.]"

{¶18} On appeal Father has argued the trial court erred by considering Mother's untimely objection to a final termination decision and her request to modify a terminated support order. Regarding the objection, Father argues that the trial court "creat[ed] its own legal fiction" by declaring that this is not a "garden variety" case and circumventing the procedural dictates of R.C. 3119.90 that required Mother to request an administrative hearing or objection to the CSEA findings and recommendations.

{¶19} While the record clearly reflects that Mother's August 24, 2018 objection was untimely, the trial court overruled Mother's objection to the CSEA "determination regarding [Father]'s overpayment of child support[.]" The trial court did not specifically address Mother's

notation on the objection indicating that she was asking for "continuation" of the child support order. Thus, our review of the trial court's decision shows that the court based its decision to continue or "reinstate" Father's child support obligation, effective August 24, 2018, not on Mother's objection, but on her motion to continue child support. Therefore, the procedure for objecting to the CSEA determination is not directly relevant to our analysis of the trial court's jurisdiction to consider a motion to continue child support after a final order is entered terminating child support based on the child reaching the age of majority.

{¶20} "'It is well-settled that a court generally lacks subject matter jurisdiction to modify parental rights and responsibilities after a child has been emancipated.'" *Rose v. Rose*, 9th Dist. Wayne No. 99CA0009, 2000 WL 840504, *1 (June 28, 2000), quoting *State ex rel. Mandich v. Mandich*, 9th Dist. Medina No. 2622-M, 1997 WL 537670, *2 (Aug. 20, 1997). We recognize, as discussed above, that under certain circumstances "a domestic relations court has jurisdiction to order a noncustodial parent to continue to provide support after the age of majority if the child is physically or mentally disabled to the extent of being incapable of maintaining himself or herself." *Castle*, 15 Ohio St.3d at 283; R.C. 3119.86(A)(1). To "support a *Castle* finding," or determine that R.C. 3119.86(A)(1)(a) applies, "a trial court must find that a child is unable to support himself and that inability to be self-sufficient is the result of his mental or physical disabilities." *Ulery v. Ulery*, 86 Ohio App.3d 290, 292 (9th Dist.1993). There is no evidence in the record, let alone finding, prior to the trial court's June 4, 2018 judgment terminating Father's support obligation, to show that S.H. was under a disability and unable to support herself.

{¶21} On appeal, Mother urges this Court to affirm the trial court's conclusion that it had the authority to reconsider the June 4, 2018 decision to terminate support upon the reasoning in *Fenstermaker*. We decline to do so because the trial court's June 4, 2018 order adopting the CSEA

findings and recommendation and terminating Father's support order based on S.H. attaining age nineteen was a final order, which the trial court lacked jurisdiction to reconsider or alter in a manner not authorized by the Civil Rules.

{¶22} "Civ.R. 60(B) is the only procedural vehicle that exists for modifying a final judgment" even if the court retains jurisdiction over the subject matter underlying the judgment. *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723 ¶ 18. Civ.R. 60(B), states, in pertinent part, that "procedure for obtaining any relief from a judgment shall be by motion as prescribed in" the Ohio Rules of Civil Procedure. "Succinctly stated," the Civil Rules

> specifically limit relief from judgments to motions expressly provided for within the same Rules. A motion for reconsideration is conspicuously absent within the Rules. Rather the Civil Rules do allow for relief from final judgments by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment).

*Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981). There was no trial in the underlying matter, and so Civ.R. 50(B) and Civ.R. 59 are inapplicable, and the record is clear that Mother did not file a Civ.R. 60(B) motion to vacate the June 4, 2018 judgment terminating support. "Without a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity." *Pitts* at 380.

{¶23} As the trial court acknowledged in its June 13, 2019 decision overruling Father's objections and reinstating the child support obligation:

> In this case, [Mother] never appealed from the original decision in the trial court that established when support should be terminated. [Father] is correct in his assertion that this was not a [Civ.R.] 60(B) motion, which would have reopened the child support issue from day one. [Mother] failed to file a motion for relief from the judgment of the June 4, 2018 judgment. Instead, she filed a motion to modify child support two months after child support was properly terminated.

The trial court surmised that the consequence of Mother's failure to seek relief from the June 4, 2018 judgment properly terminating child support was to preclude her from seeking "retroactive"

support prior to August 24, 2018, the date she filed her motion to continue support. The actual consequence of the judgment terminating support, however, is much more significant: it divested the trial court of jurisdiction to reconsider the issue of child support or issue an order continuing or reinstating child support.

{¶24} When Mother filed her motion on August 24, 2019, the child support obligation had already been terminated administratively through the CSEA, per the terms of the agreed entry, and upon judicial order based on S.H. attaining age nineteen. Mother's motion is, in essence, a request for the trial court to reconsider the June 4, 2018 judgment terminating Father's child support obligation and reinstate or continue support based on her untimely assertion of S.H.'s alleged disability. The trial court could not *continue* the "duty of support to a child imposed pursuant to a court child support order * * * beyond the child's eighteenth birthday" after the support obligation had been terminated and then "justif[y] its jurisdiction to award child support" upon evidence presented to the court after the judgment terminating support was entered. R.C. 3119.86(A)(1); *Rose*, 2000 WL 840504 at *2.

{¶25} The trial court lacked jurisdiction to reconsider the issue of child support and "enter a 'modified' judgment [months] after final judgment had been rendered and in a manner not authorized by the Civil Rules." *Cale Prods., Inc. v. Orrville Bronze & Aluminum Co.*, 8 Ohio App.3d 375, 379 (9th Dist.1982). "In the context of a post-judgment matter, actions that purport to reconsider or alter a final judgment are a nullity." *Allstate Ins. Co. v. Witta*, 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 8. Once the trial court adopted the CSEA's administrative findings and recommendation and entered judgment terminating the child support obligation, the trial court did not retain jurisdiction to continue, modify, or reinstate child support after S.H.'s emancipation and the termination of the child support order.

{¶26} The trial court erred when it heard Mother's procedurally anomalous motion and purported to reinstate and continue child support for S.H. without the authority to do so. Consequently, the trial court's judgment granting Mother's motion to continue child support and reinstating Father's child support obligation for S.H. is a nullity. We therefore vacate the judgment of the trial court reinstating and continuing child support and remand the matter for proceedings consistent with this decision.

{¶27} Father's first and second assignments of error are sustained.

### Assignment of Error III

**The trial court erred in determining that the adult child of the parties could have child support under R.C. 3119.86, in determining this child was a "*Castle* child," and in ordering [Father] to pay expenses beyond child support and out-of-pocket medical expenses.**

### Assignment of Error IV

**The trial court erred in finding that [Mother] had standing to represent an adult child before the court, and to not require that a guardianship be established to receive any child support that is ordered for an adult child.**

{¶28} In his remaining assignments of error, Father challenges the trial court's finding that S.H. was disabled and unable to support herself, and the trial court's conclusion that Mother did not lack standing to seek a continuing support order for an adult child. Based on our resolution of Father's first and second assignments of error, Father's third and fourth assignments of error are moot, and we decline to address them. App.R. 12(A)(1)(c).

### III.

{¶29} Father's first and second assignments of error are sustained. His remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is vacated, and the cause is remanded for further proceedings consistent with this decision.

Judgment revered,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOHN M. DOHNER, Attorney at Law, for Appellant.

CORINNE HOOVER-SIX, Attorney at Law, for Appellee.