[Cite as *Sweet v. Sweet*, 2023-Ohio-548.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| CATHERINE SWEET | : | |
| | : | |
| Appellant | : | C.A. No. 2022-CA-50 |
| | : | |
| v. | : | Trial Court Case No. 2012 DR 0171 |
| | : | |
| DAVID SWEET | : | (Appeal from Common Pleas Court- |
| | : | Domestic Relations) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 24, 2023

. . . . . . . . . . .

DAVID SWEET, Appellee, Pro se

CATHERINE SWEET, Appellant, Pro se

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Appellant Catherine Sweet appeals from an order of the Greene County Court of Common Pleas, Domestic Relations Division, terminating child support. For the following reasons, we affirm the judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} On June 1, 2012, Catherine Sweet filed a complaint for divorce in the Common Pleas Court of Greene County, Domestic Relations Division.   According to the complaint, Catherine had been married to David Sweet since April 24, 1993, and two children were born of the marriage:   Paige Sweet was born in June 1998, and Madison Sweet was born in August 2004.

{¶ 3} On September 18, 2012, the trial court entered a final judgment and decree of divorce.   As part of the decree, Catherine was named the residential and custodial parent, and David was ordered to pay child support relating to the two children.   Along with the final judgment and decree, the parties were served with a copy of the child support worksheet and a copy of the "Mandatory Standard Notice Regarding Support, Medical Insurance, and Parental Access."   The Notice provided, in part:

Child support for each child shall continue until that child reaches the age of eighteen and pursuant to ORC §3103.03 no longer continuously attends on a full-time basis any recognized and accredited high school, is otherwise emancipated, or unless otherwise ordered by the Court. * * *

* * *

**EACH PARTY TO THIS SUPPORT ORDER MUST NOTIFY THE CHILD SUPPORT ENFORCEMENT AGENCY IN WRITING OF HIS OR HER CURRENT MAILING ADDRESS, CURRENT RESIDENCE ADDRESS, CURRENT RESIDENCE, TELEPHONE NUMBER, CURRENT DRIVER'S LICENSE NUMBER, AND OF ANY CHANGES IN**

**INFORMATION. EACH PARTY MUST NOTIFY THE AGENCY OF ALL CHANGES UNTIL FURTHER NOTICE FROM THE COURT OR AGENCY, WHICHEVER ISSUED THE SUPPORT ORDER.**

(Emphasis sic.)

{¶ 4} On March 17, 2017, the trial court issued a Decision and Order in which it found that the Greene County Child Support Enforcement Agency ("CSEA") had conducted an administrative investigation regarding whether child support should be terminated relating to Paige. The CSEA's "Termination Determination" stated that child support relating to Paige would terminate in January 2017, because she was 18 years old and no longer attending an accredited school. The trial court noted that neither party had timely filed a motion objecting to the termination pursuant to R.C. 3119.91. Therefore, the trial court adopted, approved, and made a final appealable order the CSEA's administrative decision terminating child support relating to Paige.

{¶ 5} On August 5, 2022, the Greene County CSEA issued and served a document entitled "Findings and Recommendations to Terminate a Child Support Order." According to this document, "[t]he Greene County Child Support Enforcement Agency (CSEA) has conducted an investigation to determine whether one of the administrative termination reasons as described in the Ohio Administrative Code rule 5101:12-60-50, exists to terminate a child support order." Ultimately, the document contained findings and recommendations to terminate a child support order relating to Madison due to Madison"s turning 18 years of age and not attending an accredited school. The Findings and Recommendations stated the rights of the parties to request an administrative

hearing and to file objections. Copies of the Findings and Recommendations were sent to the parties and the clerk of courts.

{¶ 6} On September 1, 2022, the trial court issued an Order finding that the Greene County CSEA had conducted an administrative investigation and had issued an August 5, 2022 "Termination Determination" terminating child support related to Madison. Because neither parent had timely filed a motion with the trial court objecting to the termination, the court adopted, approved, and made a final appealable order the agency's administrative decision terminating child support. Catherine timely filed a notice of appeal from the September 1, 2022 Order.

II.      The Trial Court Did Not Abuse Its Discretion by Terminating Child Support

{¶ 7} Catherine's appellate brief consists of the following paragraph:

> Madison M. Sweet turned 18 yrs. old [in August] 2022. The child support was stopped because she turned 18 and I didn't receive any paperwork from child support due to having to move and I didn't know that child support would be sending me anything. I haven't done any of this before and I didn't know until I called the child support office. Madison is still in high school currently and lives at home. So I'm asking for the child support to be reinstated until she graduates. I went for years of not getting anything even though it was ordered. Her father is still in arrears for about $14,000.00. I appreciate your time.

Attached to Catherine's one-page statement is what appears to be a copy of an October

19, 2022 progress report from Fairborn Digital Academy purportedly showing that Madison was then attending school there as a Junior.

{¶ 8} Initially, we note that Catherine's appellate submission does not meet the requirements for an appellate brief set forth in App.R. 16. Further, we cannot consider as evidence the document she attached to her appellate submission since that document was not presented to the trial court. Despite the deficiencies in Catherine's brief, we can construe Catherine's appellate submission as raising the following assignment of error: the trial court abused its discretion in adopting the child support agency's termination of child support.

{¶ 9} Generally, an abuse of discretion standard is the appropriate standard of review in matters concerning child support. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), quoting *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.*

{¶ 10} In Ohio, a parent's obligation to pay child support normally terminates when the child reaches the "age of majority." *Hess v. Ugorec*, 9th Dist. Summit No. 29468, 2021-Ohio-189, ¶ 14, citing *Greene v. Greene*, 9th Dist. Summit No. 18155, 1997 WL 679906, *3 (Oct. 22, 1997). "Age of majority" is defined as "[a]ll persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and

are of full age for all purposes." R.C. 3109.01. There are, however, circumstances that may extend a parent's duty to pay child support beyond this age of majority. For example, R.C. 3119.86(A)(2) provides that the duty of support shall continue beyond a child's eighteenth birthday if "the child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday."

{¶ 11} R.C. 3119.88(A) and Ohio Adm.Code 5101:12-60-50(D) provide parents and the CSEA with guidance as to when child support should be terminated. R.C. 3119.88(A) provides, in part:

(A) Reasons for which a child support order should terminate through the administrative process under section 3119.89 of the Revised Code include all of the following:

(1) The child attains the age of majority if the child no longer attends an accredited high school on a full-time basis and the child support order requires support to continue past the age of majority only if the child continuously attends such a high school after attaining that age;

(2) The child ceases to attend an accredited high school on a full-time basis after attaining the age of majority, if the child support order requires support to continue past the age of majority only if the child continuously attends such a high school after attaining that age[.]

{¶ 12} Similarly, Ohio Adm.Code 5101:12-60-50(D) provides that:

(D) The CSEA shall initiate an administrative termination investigation to determine whether the child support order should terminate

when there is a required administrative termination reason. A required administrative termination reason includes all of the following:

(1) The child attains the age of majority if the child no longer attends an accredited high school on a full-time basis and the child support order requires support to continue past the age of majority only if the child continuously attends a high school after attaining that age;

(2) The child ceases to attend an accredited high school on a full-time basis after attaining the age of majority, if the child support order requires support to continue past the age of majority only if the child continuously attends such a high school after attaining that age[.]

{¶ 13} Once a child support enforcement agency concludes that child support should be terminated, the obligor and obligee have 14 days in which to request an administrative hearing or file objections with the trial court. R.C. 3119.91. If either party files an objection, "the court shall set the case for a hearing for a determination as to whether the support order should be terminated or whether the court should take any other appropriate action." R.C. 3119.92. But if neither party files an objection, "the administrative hearing decision is final and will be filed with the court or in the administrative case file." *Id.*

{¶ 14} In her appellate filing, Catherine contends that her child, Madison Sweet, continued to attend an accredited high school after she turned 18 years of age. But the record that was before the trial court did not contain any evidence supporting this contention. Rather, the trial court was presented with a determination by the CSEA that

contradicted this contention. According to the CSEA's investigation, Madison was no longer attending an accredited high school at the time she turned 18. Further, Catherine did not object to the CSEA's determination or request an administrative hearing. Consequently, we cannot conclude that the trial court abused its discretion in adopting the CSEA's determination that child support should be terminated.

{¶ 15} Finally, Catherine contends she "didn't receive any paperwork from child support due to having to move and I didn't know that child support would be sending me anything. I haven't done any of this before and I didn't know until I called the child support office." But this had been done before. The parties' older child, Paige, was the subject of child support termination proceedings in 2017 that involved the same process that occurred in 2022. Also, we cannot assume that Catherine did not receive notice of the CSEA's decision when the decision itself stated that a copy was being served on both the obligor and obligee. Moreover, since September 18, 2012, Catherine had had a continuing duty to provide the CSEA with her current residential address. We note that, if Catherine has evidence that she had kept the CSEA updated on her current address information and that the CSEA failed to provide her with notice of its decision terminating child support, she may be able to seek relief with the trial court through the filing of a Civ.R. 60(B) motion to vacate. *See Hess v. Ugorec*, 9th Dist. Summit No. 29468, 2021-Ohio-189, ¶ 23.

{¶ 16} Based upon the record before us, we cannot conclude that the trial court abused its discretion in terminating child support related to Madison. Therefore, Catherine's sole assignment of error is overruled.

III.     Conclusion

**{¶ 17}** Having overruled Catherine Sweet's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.