[Cite as *Jones v. Jones*, 2025-Ohio-220.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STEPHANIE M. JONES, nka BELL

    Appellee

    v.

LYLE RAY JONES

    Appellant

C.A. No.     2024CA0047-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    10DR0348

DECISION AND JOURNAL ENTRY

Dated: January 27, 2025

---

FLAGG LANZINGER, Judge.

**{¶1}** Appellant, Lyle Ray Jones, appeals, pro se, the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

**{¶2}** Lyle and Stephanie Bell were married on August 19, 2003, and five children were born as issue of the marriage. Stephanie filed a complaint for divorce on June 11, 2010, and the trial court granted divorce on February 25, 2011. The trial court ordered a shared parenting plan designating Lyle as the residential parent of the parties' minor children, with Stephanie designated as the child support obligor.

**{¶3}** In early 2024, the parties had two children for whom child support obligations were owed. The Medina County Child Support Enforcement Agency ("MCCSEA") conducted an investigation pursuant to R.C. 3119.89 after the parties' child, Jo.J., reached the age of majority. On April 18, 2024, MCCSEA issued findings and recommendations to terminate Stephanie's child

support obligations for Jo.J. On May 9, 2024, the trial court adopted MCCSEA's recommendations in a judgment entry, terminating Stephanie's child support obligations for Jo.J. The trial court did not modify the child support obligation for the parties' youngest child, Je.J. Lyle now appeals, raising one assignment of error for our review. Stephanie did not file an appellee brief.

II.

### ASSIGNMENT OF ERROR

**THE JUDGMENT ENTRY OF MAY 9TH, 2024 TR 198 IS VOID AB INITIO AS A MANDATED CHILD SUPPORT CALCULATION WAS NOT MADE PART OF THE RECORD, *MARKER V. GRIMM*, 65 OHIO ST 3D 139.**

{¶4} Lyle argues that the trial court's judgment terminating child support for one emancipated child is void ab initio because it failed to include a mandatory child support calculation worksheet as required by R.C. 3119.02. We disagree.

{¶5} In Ohio, a parent's obligation to pay child support normally terminates when the child reaches the "age of majority." *Hess v. Ugorec*, 2021-Ohio-189, ¶ 14 (9th Dist.). R.C. 3119.88(A) and Adm.Code 5101:12-60-50(C) provide parents and the child support enforcement agency with guidance as to when child support should be terminated. When a CSEA concludes that child support should be terminated, if the agency "determines that other children are subject to the child support order . . . the agency shall divide the child support amount due . . . by the number of children who are the subject of the order and subtract the amount due for the child for whom the order should be terminated from the total child support amount due annually and per month." R.C. 3119.89(B).

{¶6} Lyle argues that the trial court's judgment is void as a matter of law because it failed to include a child support calculation worksheet on the record, as required by R.C. 3119.02 and *Marker v. Grimm*, 65 Ohio St.3d 139 (1992). In *Marker*, the Ohio Supreme Court concluded that,

if a trial court modifies or issues a child support order pursuant to statute, the trial court must use a worksheet to calculate child support and the worksheet must be completed and included in the record. *Id*. at 142. The *Marker* court concluded that a trial court's failure to complete and include the worksheet in the record, renders a child support order void. *Id*. at 142-143.

{¶7}   Here, the trial court did not modify the child support obligation for Je.J. The trial court's judgment simply reflected the termination of support for Jo.J. as mandated by statute, leaving the prior child support order intact for Je.J.  Under R.C. 3119.89(B), the child support amount that is ordered after a child is terminated from the existing child support order is derived from a formula provided by that statute.  *Fury v. Fury*, 2002-Ohio-4079, ¶ 22 (6th Dist.). Because application of the formula does not require the consideration of any additional factors or new information, the prior child support worksheet remains the basis of the revised child support order. A new worksheet is not required. *Id.*

{¶8}   Because the trial court's revised child support order was calculated pursuant to R.C. 3119.89(B),  the trial court was not required to complete a child support worksheet or make it part of the record. Lyle's assignment of error is overruled.

III.

{¶9}   Lyle's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

LYLE RAY JONES, Attorney at Law, pro se, for Appellant.

STEPHANIE JONES, pro se, Appellee.